JAMES H. EAMES, impleaded with Henry W. Burlingame and Joel Gray, Plaintiff in Error, *v*. DAVID PRESTON *et al.*, Defendants in Error.

ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

A promissory note executed by one of a firm, in the firm name, with a scrawl, is a sealed instrument, as to the party who signed it, and assumpsit will not lie upon it.

If one executes an instrument with a seal, and others sign after him without a seal, they are presumed to adopt the seal already affixed; it is otherwise if a party signs an instrument, not affixing a seal, and others sign and seal after him, without his consent—it is, as to the first signer, a simple instrument.

THE summons in this case was served on Eames; the other defendants not found.

The first count of the declaration avers that on the 9th November, 1854, at Chicago, the defendants, by name of "Eames, Gray & Co.," made their note, in writing, promising to pay, eighty-five days after the date thereof, to the order of Nelson C. Roe, by description of "N. C. Roe, Cash'r," $511.93, for value received, with interest at ten per cent., and delivered it to said Nelson C. Roe, who afterwards indorsed it to the plaintiffs by name of "Preston & Co.," by means, etc.; and promise to pay plaintiffs' note.

The common counts were added to the above.

Breach, that defendants have not paid said sums of money.

Plea, general issue.

The cause tried by J. M. WILSON, Judge, and a jury, and verdict for plaintiffs for $626.84.

On the trial of the cause, the plaintiff having introduced testimony tending to prove that the note hereafter mentioned was executed by defendants, as charged in the declaration, then offered to read the following note in evidence:

$511.93.                                          CHICAGO, Nov. 9, 1854.

Eighty-five days after date we promise to pay to N. C. Roe, Cas'r, or order, Five Hundred and Eleven 93-100 Dollars, for value received, with interest, at ten per cent.

EAMES, GRAY & CO. [      ]

To the introduction of which the defendant Eames objected. The court overruled the objection, and allowed said note to be introduced as evidence, to which ruling the defendant Eames excepted. No other evidence given in the cause. The court found for the plaintiff, $626.84, and gave judgment thereon, to which defendant Eames excepted.

W. T. BURGESS, for Plaintiff in Error.

G. GOODRICH, for Defendants in Error.

CATON, C. J. This was an action of assumpsit brought against Eames, Burlingame and Gray, upon a note thus executed, " Eames, Gray & Co. [    ]," and the only question is, whether assumpsit can be maintained on this note. If this be a sealed instrument, then assumpsit cannot be maintained upon it, (1 Chit. Pl., title Assumpsit, p. 99,) and this would seem to settle the question, for this is certainly an instrument under seal. If the member of the firm who executed the note had authority under seal to add the seals of all, then the seal attached is the seal of all; if he had not, then it is his seal only. In any event it is, as to him, a sealed instrument. If, as to the others, it is a simple instrument, that would not remove his seal. If one party executes an instrument and attaches his seal, and others afterwards sign it silently without attaching seals, they are presumed to adopt the seal of the first, and, as to all, it is a sealed instrument. If, however, the first sign without a seal, and the others add seals to their names, without the direction or consent of the first, then he cannot be presumed to adopt their seals as his, and it continues, as to him, a simple instrument, as it was when he first executed it. Nor would this prevent it from being a sealed instrument as to those who deliberately attached their seals. As to one of the makers of this note, it was a sealed instrument, and assumpsit could not be maintained upon it.

The judgment must be reversed.

*Judgment reversed.*