LEMUEL A. PARISHER *et al.*

*v.*

WILLIAM S. WALDO *et al.*

1. JUDGMENT—*in debt on an appeal bond.* In an action of debt on an appeal bond, it is error to render a judgment for the sum named in the bond, and also for a further sum as damages. The judgment in such case should be, that the debt found should be discharged on the payment of the damages.

2. COSTS—*how questioned.* It is the duty of the clerk to tax the costs adjudged against the unsuccessful party, and when the fee bill is made up by the proper officer, it will be regarded as *prima facie* correct, and the cost debtor can challenge its correctness only in a direct proceeding, either by replevying the fee bill or by a motion to retax costs. It is impracticable to do so in a suit upon an appeal bond.

APPEAL from the Circuit Court of Montgomery county; the Hon. HORATIO M. VANDEVEER, Judge, presiding.

This was an action of debt, brought by the appellees against the appellants, upon an appeal bond. Judgment was rendered against appellants for the sum named in the bond as debt, and also the sum of $165.90 damages.

Mr. B. T. BURNETT, for the appellants.

Messrs. SOUTHWORTH & ZINK, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was brought on an appeal bond, in the usual form. Judgment was rendered for $225, the penalty named in the bond, and also for the sum of $165.90, less the sum of $13, remitted. This is error. The judgment should have been, that the debt found should be discharged on the payment of the damages.

Our laws make it the duty of the clerk to tax the costs adjudged against the unsuccessful party. When the fee bill is made up by the proper officer, it must be regarded as *prima facie* correct. On being furnished with a copy, if the cost debtor is dissatisfied with any item, he may replevy the fee bill and have the error corrected; or perhaps he could accomplish the same thing on a motion to retax the costs. The judgment debtor must challenge the illegal costs, in one mode or the other, in some direct proceeding instituted for that purpose. It will be found impracticable to do it in an action on an appeal bond—it presents a collateral issue.

For the error indicated in the amount of the judgment rendered, the judgment will be reversed and the cause remanded.

*Judgment reversed.*