O'Neil v. Nelson.

<hr/>

# TERRENCE O'NEIL
## v.
# JOHN NELSON.

22    531<br/>e100  ²128

*Practice—Action of Debt on Appeal Bond—Proper Assignment in
Plaintiff's Declaration—Form of Judgment—How Error may be Cured—
Reversal—Amendment of Declaration.*

1.   In an action of debt on appeal bond the judgment order should be for
the debt, the penalty to be discharged by the payment of the damages
assessed.

2. Where the judgment order is for both the debt and damages assessed, the error may be cured in the trial court on motion even after the term, the error being merely a clerical inadvertence.

3. In the case presented, it is *held:* That while the error might be corrected by the entry of the judgment in proper form in this court, the cause must be remanded because there is no proper assignment in the plaintiff's declaration of breaches of the condition in the bond.

[Opinion filed May 18, 1886.]

APPEAL from the County Court of Cook County; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Mr. JOHN N. JEMISON, for appellant.

Mr. P. L. O'MEARA, for appellee.

MORAN, J.   This was an action of debt upon an appeal bond.   The verdict found the issues for the plaintiff and found the debt to be $200, and assessed the plaintiff's damages at $101.50; upon the verdict, which was correct in form, the judgment order was " that the plaintiff do have and recover of and from said defendants the sum of $301.50, and the costs, etc., and that they have execution therefor."   This judgment is erroneous.   It should be for the debt, the penalty to be discharged by the payment of the damages assessed. · The execution is for the debt with the indorsement of the damages assessed, which amount of damages only the Sheriff can collect.   Parisher v. Waldo, 72 Ill. 71; Mathison v. Stephens, 9 Ill. App. 435; McConnel v. Swailes, 2 Scam. 571.

This error might have been cured in the court below on motion, even after the term, because, as is said in Freeman on Judgments, Sec. 70, "It so clearly appears that the judgment as entered is not the sentence which the law ought to have pronounced upon the facts established by the record; that the court acts upon the presumption that the error is a clerical misprision rather than a judicial blunder, and sets the judgment, or rather the judgment entry, right, by an amendment *nunc pro tunc.*"

From the verdict which is in the record it clearly appeais what form of judgment the plaintiff was entitled to, and the judgment entered is the ministerial inadvertence of the clerk in writing up the order and not an error in the exercise of judicial discretion. Ives v. Hulce, 17 Ill. App. 30; Tucker v. Hamilton, 108 Ill. 464.

This error in entering the judgment might be corrected by the entry of a judgment in proper form in this court, but the judgment below would have to be reversed, and the costs of appeal would be against appellee. McConnel v. Swailes, *supra;* Rees v. Morgan, 3 Durn. & E. 349.

There are, however, such other assignments of error that we deem it proper to remand the case. There is no proper assignment of breaches of the condition of the bond in the plaintiff's declaration.

The main condition of the bond is that the appeal shall be prosecuted with effect. The usual and proper assignment of breach is, that the appellant did not prosecute the appeal with effect, but that the same was at a term of said court, etc. If the appeal was dismissed that should be the allegation, but if the case was tried and instead of the judgment of the justice being technically affirmed by the order of the court, an original judgment for possession is entered in the Circuit Court, then it is loose, argumentative pleading to allege that the judgment appealed from was affirmed. If the appeal was dismissed it might be alleged that the judgment was affirmed, that being the only and the direct legal effect of the dismissal of the appeal, but when the appeal remains in the court and the court renders a new judgment, though it may be the same as the judgment below, it can not be said to be an affirmance in legal effect, for the judgment below becomes extinct and a new one is created. Young v. Mason, 3 Gilm. 55.

Appellee should amend this declaration in the court below so as to allege that the defendant did not prosecute his appeal with effect, but that upon a trial thereof, etc., the said plaintiff had judgment for the possession of the premises sued for before the Justice, etc. Then the introduction of his judgment order will support the allegations of his declaration and

accord with the rule that the proof must be *secundum allegata.*
Sugden v. Beasley, 9 Ill. App. 71; Ives v. Hulce, 17 Ill. App.
30, 35; Sutherland v. Phelps, 22 Ill. 91; Mix v. People, 92
Ill. 549; Boynton v. Robb, 41 Ill. 349.

The judgment will, therefore, be reversed and the case
remanded to the court below for such action as the parties
may desire to take not inconsistent with this opinion.

*Reversed and remanded.*