## Andrew Y. Trogdon, Impleaded with Jessie Trogdon and John C. Palmer, v. Cleveland Stone Company.

1. SEALS—*One Person May Adopt the Seal of Another.*—Where one obligor signs a bond and attaches a seal to his signature and another obligor signs second in order, but attaches no seal to his signature, the legal presumption is that he adopted the one attached to that of the obligor whose signature preceded his.

2. APPEAL BOND—*Condition Broken Without the Issue of Execution.*—In an action upon an appeal bond it is not necessary to show that execution issued upon the judgment. The condition of the bond was broken and the obligor's liability fixed by non-payment of the judgment, whether execution was or was not issued.

3. JUDGMENT—*Sufficiency of Form.*—A judgment in the following form—" Come now the parties herein, and by agreement judgment is rendered in favor of the plaintiff and against the defendant for the sum of ninety-two and 90-100 (92.90) and costs of suit. It is further ordered by the court that the plaintiff have 6 per cent damages for delay, amounting to five and 57-100 dollars. It is therefore ordered and adjudged by the court that the plaintiff have and recover of and from the defendant the said sum of ninety-eight and 47-100 dollars ($98.47), together with his costs and charges herein expended, and hereof have execution"—was held sufficient.

4. JUDGE'S MINUTES—*Not Evidence.*—The judge's minutes are not evidence of the judgment.

5. COSTS—*Correctness of Taxation—How Raised.*—The defendant in an action upon an appeal bond can not raise the question for the first time in the Appellate Court, whether the taxation of costs in the court below was correct or not. Such questions can only be raised in a direct proceeding by replevy of the fee bill or motion for retaxation.

6. JUDGMENT—*Collateral Attack—For Fraud.*—A judgment can not be attacked in a collateral proceeding for fraud in obtaining it.

7. RECORD—*Not to be Contradicted by Parol.*—A party can not contradict or impeach by parol evidence the record of a court having jurisdiction of his person and of the subject-matter.

8. NUL TIEL CORPORATION—*When Not a Proper Plea.*—A plea *nul tiel corporation* to an action by a corporation on an appeal bond given to it by a defendant on an appeal from a judgment recovered against him by the corporation, is not a proper plea.

9. ESTOPPEL—*By Affidavit.*—Where a defendant in a suit brought against him by a corporation filed an affidavit that the plaintiff (naming it as a corporation) was and still is a non-resident of the State of Illinois, and upon the affidavit obtained security for the costs, is by force thereof estopped to deny its corporate existence.

Trogdon v. Cleveland Stone Co.

**Memorandum.**—Debt on appeal bond. Error to the Circuit Court of Edgar County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Declaration in debt; pleas, *nul tiel record* and fraud in obtaining judgment; trial by the court and judgment for plaintiff; defendant appeals. Heard in this court at the November term, 1893, and affirmed. Opinion filed February 12, 1894.

The opinion states the case.

TROGDON & EADS, attorneys for plaintiff in error.

JASON W. HOWELL and JOSEPH E. DYAS, attorneys for defendant in error.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

Defendant in error sued plaintiff before a justice of the peace and recovered judgment by default, from which he appealed to the County Court, where, also, judgment was rendered for plaintiff therein in words and figures following, to wit:

"Come now the parties herein, and by agreement judgment is rendered in favor of the plaintiff and against the defendant for the sum of ninety-two and 90-100 (92.100) and costs of suit. It is further ordered by the court that the plaintiff have six per cent damages for delay, amounting to five and 57-100 dollars.

It is therefore ordered and adjudged by the court that the plaintiff have and recover of and from the defendant the said sum of ninety-eight and 47-100 dollars ($98.47), together with his costs and charges herein expended, and hereof have execution."

That judgment remaining unpaid, this action was brought in the Circuit Court, in debt, upon the appeal bond, which was in the statutory form, against plaintiff in error, Jessie Trogdon and John C. Palmer, the obligors.

The declaration contained but one count, which characterized the plaintiff as "a corporation incorporated under the general incorporation laws of the State of Ohio," set forth the body of the bond (which was attached and made

an exhibit) and alleged the judgment of the County Court as having been rendered "for the sum of ninety-two dollars and ninety cents ($92.90) and costs of suit, and for the further sum of five and 57-100 dollars as damages for the delay, making a total judgment of ninety-eight dollars and forty-seven cents and costs of suit."

Defendants plead (1) *nul tiel corporation*, (2) *nul tiel record*, and (3) fraud in obtaining said judgment.

On motion of the plaintiff the first of these was stricken from the files. Upon issue joined on the others a jury was waived and trial had by the court, resulting in a finding for plaintiff and judgment for the penalty in the bond, to be satisfied on payment of $105.17, the damages assessed, and costs; upon which the defendant, Andrew Y. Trogdon, alone sued out this writ of error.

Complaint is made of the ruling of the court in admitting the evidence offered by plaintiff.

And first, of the bond; the objection to which, without further specification, was that it did not fit the declaration. Its body was in the form prescribed by the statute, and nothing unusual or variant from its description in the declaration appears anywhere on its face, except that to the signature of Jessie Trogdon, which is second in order, no seal is attached. But the legal presumption is that she adopted the one attached to that of the plaintiff in error, whose signature preceded hers. Eames v. Preston, 20 Ill. 389; McLean v. Wilson, 3 Scam. 50; Davis v. Burton, Ibid. 41.

Second, of the record of the judgment; which is likewise said to be a misfit, and not good of itself in fact or form. But no defect or variance is specified, except that execution was not shown to have issued thereon. That was unnecessary. The condition of the bond was broken and the obligor's liability fixed by non-payment of the judgment, whether execution was or was not issued.

The declaration states the court, the term, the parties and the amount of the judgment; with which, in all these particulars, the record exactly corresponds. But in the statement in the latter of the amount found due, separately from

Trogdon v. Cleveland Stone Co.

that of the damages awarded for delay, the word "dollars" is omitted; and from the subsequent offer by defendant of the judge's minute on his docket, showing a "judgment for $92.90 and costs, and six per cent for delay," the supposition is that this omission is relied on as a defect or variance, the dollar mark being treated as the significant figure in the minute.

The omission, however, is made quite immaterial by the statement of the damages for delay, which are said to be "six per cent, amounting to five and 57-100 dollars." The "ninety-two and 90-100," to which this percentage was added for delay, must, therefore, also have been dollars. And the following sentence, stating the total amount of the judgment, exclusive of costs, makes it "ninety-eight and 74-100 dollars." The judge's minutes are not evidence of the judgment. If they were, they do not contradict the record, or show a judgment variant from the one alleged in the declaration. Their rejection was, therefore, proper.

Third, of the fee bill, introduced in connection with the testimony of the county clerk, to show the amount of plaintiff's costs. The objection urged to it was that divers of the items were not correct, and that it did not show which were charged or chargeable to the plaintiff.

It has been seen that the judgment did not state the amount of costs adjudged to plaintiff, but it left them to be taxed by the clerk. We see no necessity for its introduction. Whatever the amount it showed and whether right or wrong, would not invalidate or contradict the judgment. Nor could the defendant present or raise, in this action, the question whether the taxation was correct or not, but only in a direct proceeding by replevy of the fee bill or motion for retaxation. Parisher v. Waldo, 72 Ill. 71. We do not see how its admission could have prejudiced him.

To maintain his plea of fraud in obtaining the judgment of the County Court, plaintiff in error offered himself as a witness to prove that he did not appear in the justice's court or the County Court, nor consent or agree that a judgment should be rendered in either against him. But he

did not claim that there was not due service upon him of summons from either. Yet he sought to contradict and impeach, by parol evidence, the record of a court having jurisdiction of his person and of the subject-matter, and to do so in a collateral proceeding. This was not allowable.

The supposed error most strenuously urged is the striking from the files of the plea of *nul tiel corporation*.

There was no objection to the form of the plea. If properly filed it would have imposed upon plaintiff the burden of proving its existence at least as a corporation *de facto*. The execution of the bond to it by a name implying a corporation would be sufficient *prima facie* evidence of the fact. Hudson v. Green Hill Seminary, 113 Ill. 625 and cases there cited; Brown v. Mortgage Co., 110 Ill. 240–1, and authorities there cited. Defendants offered no evidence that would rebut it, so it does not appear that if the plea had not been stricken it would have required more proof on the part of plaintiff to overcome it than was made. It is said that the bond was not voluntarily made to it by that name, but necessarily so because the judgment appealed from was in that name. That judgment, however, was rendered upon default of the defendant, and he should not have the benefit of his own negligence as an answer.

But we are inclined to think the plea was irregularly filed; that the issue it sought to present, was not proper to be tried in this action. That plaintiff rightfully sued as a corporation, had been twice adjudicated between these parties; on default of defendant, it is true; but why not as effectually as if upon his appearance and denial of it? Though the first was subject to trial *de novo* on appeal, and he did appeal, yet the last was not appealed from and is conclusive until reversed by a direct proceeding. Can it be that plaintiff may have, as a corporation, a judgment of the County Court against the defendant, and yet can not, as such, maintain an action on the bond given on the appeal in the trial of which that judgment was rendered, notwithstanding the further fact that such bond was given to it by the corporate name it claims? Moreover, in the case at bar the

defendant made an affidavit, when this suit on the bond was commenced, that "the plaintiff was, and still is, a nonresident of the State of Illinois," and upon that affidavit obtained security for the costs. Should he then be heard to call upon the same court, which also had notice of both the judgments, to try an issue whether there was such a plaintiff?

We think the right result was reached, and it is not to be set aside because it was done by striking the plea from the files instead of by proof on issue joined or by replication by way of estoppel, even if it was technical error, which we do not concede.

There were no propositions of law submitted, and the points made for plaintiff in error have all been noticed. For the reasons stated, the judgment will be affirmed.