DETERMINED IN THE

# FIRST DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS

## DURING THE YEAR 1902.

---

## Albert Ackerman v. People, etc., for use of Jennings et al.

1.  APPELLATE COURT PRACTICE—*Bills of Exception Necessary—Striking Pleas from the Files.*—In order to assign error on the ruling of the trial court in striking pleas from the files an exception should be taken to such action and preserved in a bill of exceptions.

2.  PRACTICE—*Form of Judgments in Actions of Debt on Appeal Bonds.*—In an action of debt upon an appeal bond, the judgment should be in debt for the penalty of the bond, to be discharged upon payment of the damages occasioned by the breach.

Debt, on an appeal bond. Error to the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the October term, 1901. Reversed and remanded. Opinion filed February 13, 1902.

JOHN M. DUFFY, attorney for plaintiff in error.

D. J. DOWNEY, attorney for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

This writ of error was sued out to reverse a judgment rendered in an action of debt on an appeal bond in the penal sum of $400. The bond was given on appeal from a justice of the peace. It was executed by Joseph Oswald as principal and by plaintiff in error as surety, and recites that

(125)

April 26, 1896, The People, for use, etc., recovered judgment against Oswald before Cyrus Stead, a justice of the peace, for the sum of two hundred dollars and costs, from which judgment Oswald had taken an appeal. The condition of the bond is as follows :

"Now, if the said Joseph Oswald shall prosecute his appeal with effect, and shall pay whatever judgment may be rendered against him by the court upon the said trial of said appeal, or by consent, or in case the appeal is dismissed, or in case the matter in controversy is settled between the parties to the suit without a trial by the court appealed to, will pay the judgment rendered against him by said justice and all costs that have been made before the justice, and all costs occasioned by said appeal, then the above obligation to be void; otherwise to remain in full force and effect."

The declaration is in the usual form, and the breach alleged is, that Joseph Oswald did not prosecute his appeal with effect, but the same was dismissed. The declaration was amended several times, and on each amendment being made the defendant (plaintiff here) pleaded. Finally, the court struck the defendant's pleas from the files, defaulted him for want of a plea, assessed the plaintiff's damages at the sum of $298.80, and rendered judgment for said amount.

The title of the judgment is, "People of the State of Illinois, for use August Jennings and Mrs. August Jennings v. Albert Ackerman, executor of the will and testament of Joseph Oswald, deceased," and the judgment, in so far as it is necessary to recite the same, is as follows:

"Wherefore, the plaintiffs ought to have and recover from the defendants their damages sustained by reason of the premises, and thereupon reference is had to the court to assess the plaintiffs' damages herein, and the court now here, after hearing all the allegations and proofs submitted herein by the plaintiff, and being fully advised in the premises, assesses the plaintiff's damages at the sum of two hundred and ninety-two dollars and eighty cents. Therefore, it is considered by the court that the plaintiffs do have and recover of and from the defendants, Alfred Ackerman, and Alfred Ackerman, executor of the last will and testament of Joseph Oswald, deceased, their said damages

of two hundred and ninety-two dollars and eighty cents, in form as aforesaid by the court assessed, together with their costs and charges in this behalf expended, to be paid in due course of administration," etc.

The objections on which counsel for plaintiff in error relies to reverse the judgment, are :

1. That the court erred in striking the pleas from the files.

2. That the court erred in overruling the motion of plaintiff in error to vacate the judgment dismissing Oswald's appeal.

4. That the judgment is erroneous in that it is merely for the damages assessed by the court, and not in debt, for the penalty of the bond.

Also, that the judgment purports to be both against Ackerman personally and against him in his representative capacity as executor of the last will of Oswald, deceased.

There is no bill of exceptions in the record, and it is well settled that, in order to assign error on the ruling of the trial court striking pleas from the files, an exception to such ruling must be preserved by bill of exceptions. Snell v. Trustees, etc., 58 Ill. 290; Gaddy v. McCleave, 59 Ib. 182; Reed v. Horne, 73 Ib. 598; Fanning v. Russell, 81 Ib. 398; Van Cott v. Sprague, 5 Ill. App. 99; Estate, etc., v. Carney Bros. Co., 98 Ill. App. 630.

Inserted in the transcript of the record, we find the following :

"People, etc., for use of Jennings et al., ⎞
              v.              ⎬
     Joseph Oswald.        ⎠

Now comes the defendant, by George V. McIntyre, his attorney, and alleges that said Albert Ackerman has been sued on an appeal bond, given by said Joseph Oswald and said Ackerman, which appeal the declaration in this case alleges was not prosecuted with effect by said Joseph Oswald; and this defendant alleges that said Joseph Oswald was dead at the time judgment was entered upon said appeal, and it was error to enter judgment against him, and this defendant respectfully moves this honorable court that the records of this court be corrected to remedy

said error, as provided by the Statute of Illinois, section 67, Practice Act."

It is sufficient to dispose of this motion, that it is not contained in a bill of exceptions, and is improperly inserted in the transcript. But even though the motion, the ruling on it, and the exception thereto, were preserved by bill of exceptions, this would not avail plaintiff in error. A motion to amend the record in The People, etc., v. Oswald could not properly be made in the suit of The People, etc., v. Ackerman, in which latter suit the judgment which it is sought to reverse was rendered. If this was an error of fact in the suit of The People, etc., v. Oswald, which resulted in an erroneous judgment, remediable by motion in the nature of error *coram nobis*, such motion must be made in that suit. If, as counsel urge, Oswald was dead at the time his appeal was dismissed, the judgment of dismissal is not void, but merely voidable, if the court, during Oswald's life, had acquired jurisdiction of his person and the subject-matter of the suit, and the judgment can not be attacked collaterally. Claflin v. Dunne, 129 Ill. 241.

A more serious question is the alleged error in the judgment. The action is debt, and there is no judgment in debt for the penalty of the bond, but only for damages occasioned by the alleged breach. Counsel for defendants in error contends that this is a mere clerical error, and might be cured in this court, citing O'Conner v. Mullen, 11 Ill. 57, and O'Neil v. Nelson, 22 Ill. App. 531. In the former case the action was debt, and the jury assessed the plaintiff's damages at the sum of $200, and the judgment, like that in the present case, was that the plaintiff recover that amount. At a subsequent term the judgment was amended by the trial court, so as to make it a judgment for the debt to be discharged on payment of the damages. The Supreme Court held that the trial court had power to make such an amendment, but as it was made without notice to the opposite party, the judgment was reversed. O'Neil v. Nelson, *supra*, was debt on an appeal bond, and

no judgment was rendered for the debt, viz., the penalty of the bond, but merely for the damages assessed by the jury, and it was held that the judgment was erroneous.    The court intimated that in such case the court might reverse the judgment of the trial court and render judgment in this court, in proper form, but declined so to do, because of defects in the declaration.    In this case we decline to reverse and enter judgment in proper form, for the reason that it is contended that Oswald was dead when the judgment dismissing his appeal was rendered, and if this be true, we do not think it proper to deprive plaintiff in error of any remedy which he may have against that judgment.

The judgment is erroneous for another reason.    There is nothing in the record to show that Ackerman was sued as executor of the will of Oswald, deceased.    There is no summons in the record, nor any appearance of Ackerman, executor, etc.    The original and amended declarations name Albert Ackerman, in his personal capacity, as the sole defendant, and all pleas are by him, in his personal capacity, as sole defendant.    It is only in the title of the judgment and in the judgment that he is named both personally and in his representative capacity.    Under such circumstances, the judgment against Ackerman, executor, etc., is clearly erroneous.    Moreover, an action would not lie against Ackerman personally as surety on the appeal bond, and Ackerman, executor, etc., jointly.    Such a suit would involve two separate and distinct claims against different defendants—one against Ackerman personally, as surety on the bond, the other against the estate of Oswald, deceased. Two separate judgments would be required—one against Ackerman personally, to be collected by execution, the other against him as executor, to be paid in due course of administration.

The judgment will be reversed and the cause remanded.