Chamberlain v. Fernbach.

*Affirmed*

---

### George B. Chamberlain, et al., v. L. Fernbach.

#### Gen. No. 11,740.

1. ASSIGNMENT—*who may not question.* A defendant in an action at law cannot question the validity of the assignment from the plaintiff to the usee by virtue of which the usee maintains the action.

2. CONSIDERATION—*effect of seal.* A seal imports a valuable consideration.

3. SEALED INSTRUMENT—*what not essential to constitute.* A recital in the body thereof is not essential to constitute an instrument which is under seal, a sealed instrument in the technical sense.

Action of debt. Appeal from the Circuit Court of Cook County; the Hon. JULIAN W. MACK, Judge, presiding. Heard in this court at the March term, 1904. Affirmed. Opinion filed February 9, 1905. Rehearing denied February 20, 1905.

C. STUART BEATTIE, for appellants.

LACKNER, BUTZ & MILLER, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

The appellee sued appellants on an appeal bond executed in an appeal from the Superior Court of Cook county to this court, and recovered judgment for the sum of $500, from which judgment this appeal is taken.

The declaration is in the usual form in such cases. Several pleas were filed by the appellants; but appellants' counsel says, in his argument, "The only issue was that upon the plea to the further maintenance of the action." The argument is solely devoted to the matter of that plea, and the action of the court in the premises. The plea is, in substance, that appellee, January 22, 1903, for one dollar and other good and valuable consideration, released and forever discharged appellants from every demand and liability accruing out of or from the said writing obligatory, which is the subject matter of this suit. To this plea the appellee filed two replications, in substance as follows : first, that the appellee did not, for a valuable consideration, release, satisfy or discharge appellants, or either of them, from liability under said writing obligatory, concluding to the country; second, that the appellee, for a valuable consideration, and long prior to the first day of the January term, 1903, sold, assigned and set over to one J. H. Berhens the entire claim and cause of action set forth in appellee's declaration, of which said assignment the defendants, and each of them, long prior to the first day of the January term, 1903, and long prior to the supposed settlement, release and satisfaction in said plea mentioned, had notice. This replication concludes with a verification. Rejoinders were filed to the replications. The rejoinder to the first replication being a *similiter*, and that to the second replication being a traverse of the allegations in the replication.

The appellee put in evidence an assignment of all claims and right of action under or by virtue of the bond in suit to John H. Berhens, of date December 6, 1898, and also all

right of action in the suit from the judgment in which the appeal was taken, in which the appeal bond in suit was executed. Defendants put in evidence an instrument of date January 22, 1903, executed by appellee to appellants, and purporting, "in consideration of the sum of one dollar and other valuable considerations," to release, acquit and forever discharge appellants from all claim, demand or liability growing out of, or from, the execution of the bond in suit.

It appears from the evidence that the suit from the judgment in which the appeal was taken to this court, in which appeal the bond in question was executed by the appellants, was brought in the name of appellee, but was for the benefit of J. H. Berhens, and that the suit was dismissed in the Superior Court of Cook county, on motion of the attorneys of Fernbach, the nominal plaintiff, and without notice to the attorneys of Berhens, who brought the suit in the name of Fernbach, and that, on motion of Berhens' attorneys, supported by affidavits, the order of dismissal was set aside and the cause was reinstated, and in an affidavit in support of the motion to reinstate the cause, made by appellee, it is deposed that appellee was the nominal plaintiff in the suit, and that on or about the 6th day of December, 1898, he sold and assigned to J. H. Berhens all right and title of action sought to be enforced in the suit, and also all right and rights of action against appellants on the appeal bond in question. The motion to reinstate the cause was made March 17, 1900, and copies of the affidavits in support of the motion were served on appellants' attorneys, and said attorneys were in court when the affidavits were read, and objected to their admission in support of the motion.

The facts, then, are established by the evidence that appellee assigned to Berhens, December 6, 1898, all his right and claim under and by virtue of the bond in suit; that appellants had notice of said assignment as early as March, 1900, and that the document purporting to be a release by appellee to appellants of all claims under and by virtue of the bond in suit, was not executed until January 22, 1903.

Appellants' counsel contends that there is no evidence of sufficient consideration for the assignment by appellee to Berhens. The appellants are not in a position to raise this question. The appellee was the obligee in the bond. He owned the claims provable under it, and we cannot perceive why he might not have given it, had he so chosen, to Berhens. In Fitzpatrick v. Beatty, 1 Gilm. 454, 468, the court say: " In regard to the rights of an assignee of a *chose in action*, it is said, that courts will take notice of, and protect him against the fraud of the original contracting parties, 3 Johns. Ch. R., 426; and in the case of Andrews v. Beecker, 1 Johns. Cases, 411, where the defendant pleaded a release to a bond, and the replication stated that the bond was assigned to a third person, for whose benefit the suit was brought, before the execution of the release, and that the defendant had notice of it before the release, the replication was held good on demurrer. The same decision was made in Littlefield v. Storey, 3 Johns. 425; see, also, Legh v. Legh, 1 Bos. & Pull. 447; 1 Camp. N. P. 392, and 11 Johns. 49; and the question of the validity of the assignment, on account of the consideration, is a matter between the creditors of the assignor, and the assignee, with which a subsequent purchaser with notice has nothing to do. Ensign v. Kellogg, 4 Pick. 5."

Ensign v. Kellogg, 4 Pick. 5, cited by the court, was a bill to enforce specific performance of a bond conditioned for the conveyance of land to one Kinney. Kinney assigned the bond, and all his right and interest under it, to the complainant. The defendants, the obligors, objected that there was no consideration for the assignment, in respect to which the court said: " The question of the validity of the assignment, on account of the consideration, is a matter between the creditors of the obligee and the complainant. It is sufficient for the present bill that an assignment is set forth, and that the condition upon which the conveyance was to depend is averred to have been performed." See, also, Fetrow v. Merriwether, 53 Ill. 275, 278, 9.

Chamberlain v. Fernbach.

But even though it were necessary to prove consideration, the objection cannot prevail, because the instrument of assignment is under seal, and this imports a valuable consideration. Rendleman v. Rendleman, 156 Ill. 568, 573; 2 Taylor on Evidence, 8th ed. Sec. 1138. "The want or failure of consideration may also be proved by parol evidence, unless it be under seal, which, in the absence of fraud, is conclusive evidence of a sufficient consideration." Even in cases where it is allowable to show what the actual consideration of a deed was, this cannot be done "for the purpose of making the deed null." Ill. Cen. Ins. Co. v. Wolf, 37 Ill. 355; Sterricker v. McBride, 157 Ill. 70, 84–5.

The objections of appellants' counsel that there is no recital in the body of the assignment that it is a sealed instrument, cannot be sustained. Such recital is unnecessary. 25 Am. & Eng. Ency. of Law, 2d ed. p. 76, and cases cited in note 1. In Eames v. Preston, 20 Ill. 389, the suit was assumpsit on a note. Opposite the signature of the maker was a scroll, thus : (      ). When the note was offered in evidence the defendants objected, and the objection was overruled. Held, that the note was a sealed instrument, and that assumpsit could not be maintained on it. There was nothing in the body of the note indicating that it was a sealed instrument. If this contention of appellants should be held sound, then instruments of conveyance, forms of which are prescribed by Sections 9 and 10 of Chapter 30 of the Revised Statutes, are not deeds; because there is no recital in the bodies of the forms indicating a seal, and nothing so indicating except the scroll (L. S.) following the grantors' names. Hurd's Rev. Stat. 1903, p. 440.

But counsel say that there was neither pleading nor proof that the suit was brought for the benefit of Berhens. It is not necessary to appear in the declaration that a suit is brought for another's use. Cohen v. Schulz, 73 Ill. App. 245, citing Zimmerman v. Wead, 18 Ill. 305, in which the court say: "That part of the declaration which declares the use to the Illinois Central Railroad Company is not for

the benefit of the defendant, nor has he anything to do
with it, nor is he, in any way, interested in the declaration
of use.    That is allowed solely for the benefit of the *cestui
que use*, and, as between the parties to the action, it need
not have been inserted." See, also, Firemen's Ins. Co. v.
Barnsch, 161 Ill. 629, 631.

It sufficiently appears from the evidence that Berhens
is the real owner of the bond and all rights under it.

The judgment will be affirmed.

*Affirmed.*