## George J. Cooke Company, Appellee, v. Alexander G. Burke, Appellant.

## Gen. No. 14,512.

1. APPEALS AND ERRORS—*when party cannot complain of defective issue*. Where both parties to a cause by their conduct have treated it as presenting an issue on which it was tried, neither can be heard on review to complain that there was no issue to be tried; the irregularity is cured by the finding and judgment.

2. DAMAGES—*what competent to show loss of rental value*. In an action upon a bond given upon appeal from a judgment in forcible detainer, the plaintiff is entitled to the reasonable rental value for the purpose for which the rental value of the premises in question was highest, and evidence of the particular purpose for which the highest rental value could be obtained and evidence of the reasonable rental value of the premises for such purpose is competent.

3. JUDGMENT—*what irregularity will not reverse*. A judgment in an action of debt which fails to include in the judgment a judgment for the amount of the penalty of the bond, is a mere error in form, cured by section 7 of the statute of amendments and jeofails, and is not ground for reversal.

Action of debt. Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Affirmed. Opinion filed April 20, 1909. Rehearing denied May 4, 1909.

**Statement by the Court.** Appellant as surety and one Fitzgerald as principal executed a bond to appellee in the penal sum of $2,500 on an appeal from a judgment in forcible entry and detainer in favor of appellee against said Fitzgerald, for the possession of certain premises. Appellee brought an action of debt in the Municipal Court on said bond against appellant alone, claiming $2,500 debt and $2,500 damages, thus making the action an action of the first class.

The pleadings filed previous to September 30, 1907, may be disregarded, for on that day the plaintiff filed its amended declaration, consisting of two counts. To the first count defendant filed a plea of *nil debet*, October 10, and on the same day a demurrer to the second count. October 14, the court sustained de-

fendant's demurrer to defendant's plea (of *nil debet*), which was sustained November 6. There is in the record no plea to the amended declaration other than said plea of *nil debet* to which, as has been said, a demurrer was sustained.

November 13, plaintiff filed a replication in form *precludi non*: "because it says that it was damaged as it has above in its declaration alleged," etc.

The case was submitted to the court and plaintiff had judgment for $846.90 damages and costs, and the defendant appealed.

THOMAS J. YOUNG and S. E. LAMBERT, for appellant.

ALDEN, LATHAM & YOUNG, for appellee; CHARLES MARTIN, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

At the beginning of the trial defendant's counsel admitted the making of the bond; the judgment against Fitzgerald in the forcible entry and detainer suit on appeal; that he withheld the possession of the premises in question from July 9, 1905, to May 8, 1907, and that plaintiff was entitled to recover the reasonable rental value of said premises during the time possession was so withheld. The parties agreed on the amount of plaintiff's unpaid costs in the forcible entry and detainer suit. The only controverted question in the case was the rental value of the premises during the time possession was so withheld, and on that question and that question alone both parties offered evidence. By their conduct both parties treated the cause as presenting the issue on which it was tried, and neither can now be heard to complain that there was no issue to be tried. The irregularity was cured by the finding and judgment. Pinkerton v. Sydenor, 87 Ill. App. 76, and cases there cited.

Appellant has not urged, as a ground of reversal,

the irregularity in proceeding to trial on the pleadings as they appear in the record, but has stated and argued three grounds of reversal. The first ground is that: "The court erred in admitting evidence on behalf of the plaintiff of the rental value of the premises in question for 'saloon purposes'."

The premises in question had been used for saloon purposes for many years and were so used during the time the possession thereof was withheld from the plaintiff by Fitzgerald. Plaintiff was entitled to the reasonable rental value for the purposes for which the rental value of the premises was highest. The court did not err in admitting evidence that the most valuable use to which the premises could be put was for saloon purposes, and then admitting evidence of their rental value for saloon purposes.

The second ground of reversal urged is that: "The judgment is against the weight of the evidence". The court assessed plaintiff's damages on the basis that the rental value of the premises was $37 per month. The evidence was conflicting, that for the plaintiff tending to show that their value was more than $37 per month and that for the defendant that it was less. On the evidence we cannot say that the judgment is against the weight of the evidence.

The last ground of reversal urged is that: "The judgment is erroneous in form". The judgment is that: "the plaintiff have and recover of the said defendant the said sum of eight hundred and forty-six dollars and ninety cents for its damages" and its costs. It should have been that the plaintiff recover, etc., $2,500 his debt and $846.90 his damages and costs, the judgment to be discharged on payment of the damages and costs. In such a judgment the judgment for the penalty of the bond as debt is merely formal; the real judgment is the judgment for the damages assessed by the court or jury for the breach or breaches of the condition of the bond.

Section 7 of the statute relating to amendments and

jeofails provides that: "No judgment shall be reversed, in the Supreme Court, for mere error in form, if the judgment is for the true amount of the indebtedness or damages." The judgment here is for, "the true amount of damages" as assessed by the court. The error in failing to include in the judgment a judgment for the amount of the penalty of the bond as debt, is a mere error in form by which the appellant is not prejudiced. We do not think that for such error the judgment should be reversed, nor that it is necessary that the judgment be corrected, in form, in this court.

The record is, we think, free from reversible error and the judgment of the Municipal Court will be affirmed.

*Affirmed.*