**UNITED STATES FIDELITY & GUARANTY CO. v. SANITARY DIST. OF ROCKFORD, for Use of ROCKFORD LUMBER & FUEL CO.**

**No. 4849.**

Circuit Court of Appeals, Seventh Circuit.

March 23, 1933.

Dwight S. Bobb, of Chicago, Ill., Thomas E. Gill, of Rockford, Ill., and Eugene P. Kealy and F. M. Hartman, both of Chicago, Ill., counsel for appellant.

John Early and B. B. Early, both of Rockford, Ill., counsel for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

This action was brought in the Illinois state court and transferred to the United

States District Court because of diversity of citizenship.

Appellee sought a judgment against appellant on a surety bond which it executed in favor of the Sanitary District of Rockford. The Rockford Lumber & Fuel Co. was the materialman that furnished the material under a subcontract. The court directed a verdict for appellee for the balance due it and allowed interest thereon. The errors chiefly relied on are the outgrowth of rulings on pleadings.

The Sanitary District of Rockford entered into a contract with the Marshall Engineering Company whereby the latter agreed to construct certain sewers, furnish certain material, and do certain work for the sum of $333,163. Under this contract the contractor agreed to furnish all of the materials specified free of all liens and charges whatsoever. To secure its covenants and obligations, the contractor gave a bond upon which defendant appeared as surety. The contractor entered into a subcontract with plaintiff whereby it (Rockford Lumber & Fuel Co.) agreed to and did furnish a large amount of materials for which it was not fully paid. The unpaid balance was alleged to be $13,461.35. This action was brought to collect this balance from the surety, the appellant here.

The action was brought in the Illinois state circuit court where the rules of common law pleading are purer and less defiled by legislative changes than in the courts of the country from which they were taken. This simple action brought to recover compensation for material furnished and services rendered pursuant to an express written contract quickly became a hotly contested battle between counsel with pleadings rather than the merits of plaintiff's claim; the sole subject of controversy.

To plaintiff's declaration, defendant filed pleas of *non est factum* and *nil debet*. To the plea of *non est factum*, plaintiff on January 18, 1932, filed a *similiter*. To the plea of *nil debet*, plaintiff demurred. On February 24, 1932, defendant confessed plaintiff's demurrer to its plea of *nil debet*. On March 25, 1932, it filed five special pleas entitled "Second Amended Pleas and Amended Additional Pleas to Amended Declaration." To these pleas plaintiff demurred, generally and specially, and the court sustained the general and special demurrers to the first, second, and third of these pleas and overruled the demurrers to the fourth and fifth pleas. On March 25, defendant

filed a motion for leave to file additional and special pleas to the amended declaration. The first of these pleas was one of *non damnificatus* and the second a denial that plaintiff performed its subcontract according to its terms and that the materials alleged to have been furnished under the said subcontract were used in the construction of the sewers. In opposition to this motion the materialman filed an affidavit stating that oral stipulations had been entered into extending defendant's time to plead on the representation that the case would be settled and there was no dispute as to the facts; that witnesses had left the jurisdiction and it would therefore be more difficult to furnish strict proof of the indebtedness than it would have been had the stipulations extending time not been made. The court overruled defendant's motion for leave to file the proposed additional and special pleas. On April 5, defendant filed a motion for leave to renew its said motion of March 25 for leave to file five additional and special pleas of *non damnificatus* and the other special pleas. This motion was supported by five affidavits, the substance of which was to deny the affidavit of plaintiff, wherein it was said that extensions of time were granted defendant on its concession that plaintiff's claim would not be disputed. This motion was set for hearing May 2, 1932, on which date the court overruled it. On the same date defendant thereupon moved the court for leave to file the same or additional pleas, and the court promptly denied this motion. On May 18, the case was called for trial at which time the defendant again moved for leave to file pleas of *non damnificatus* and special pleas, and the court overruled its motion. While defendant was thus maintaining its hot barrage of pleas, general and special, on plaintiff's front and rear, plaintiff, though sorely pressed, was nevertheless engaged in a slashing counter attack of *similiters*, affidavits, and demurrers. During a lull in the attack, plaintiff lodged a bill of particulars containing some twenty pages which bore on the real merits of the controversy.

Defendant therefore went to trial on only three pleas: the plea of *non est factum*, unverified, and the fourth and fifth special pleas. The fifth special plea was a repetition of the fourth special plea.

■ The only question which merits consideration is the one which is presented by the court's failure to allow the oft-repeated motion of defendant to file its special plea of *non damnificatus* and other pleas. Although

the pleas and motion for leave to file new pleas were supported by affidavits which the court permitted the defendant to use on all of the occasions when such motions were presented, there is nowhere in any of them a statement by defendant, under oath, which challenges the truthfulness of the allegations of the complaint or asserts that defendant was not indebted to plaintiff as by it alleged and as shown by the bill of particulars. In other words, nowhere did defendant under oath, or even upon information and belief, deny that the materials were furnished at the time, at the place, in the amount, or on the date alleged. Plaintiff's bill of particulars was an itemized bill covering many pages and enumerated every item delivered or returned, the date thereof, and every payment made. Defendant's affidavit failed to challenge the accuracy of any item shown.

It was within the discretion of the trial court to grant or refuse the defendant leave to file the additional pleas. Such pleas were tardily presented and unsupported by any affidavit of merits. On this showing we are not prepared to hold that the court's discretion was abused. In fact we agree with its exercise of discretion.

The trial judge evidently labored under the impression that the litigation belonged to the litigants, and plaintiff's right to recover on its alleged indebtedness was the sole issue. Defendant proceeded on the theory that the litigants merely furnish the issue, the outcome of which depends on the skill of counsel rather than the merits of plaintiff's claim. Counsel's conception of litigation being a fencing contest with pleadings used as the foils is not an uncommon one, but it is erroneous.

Appellant also assailed the judgment entered against it because of its form. It read: "It is considered by the Court that the plaintiff, Sanitary District of Rockford, for use of Rockford Lumber & Fuel Company, a corporation, do have and recover of and from the defendant, United States Fidelity & Guaranty Company, a corporation, its said debt in the sum of $333,163.00 and its said damages in the sum of $14,530.76, in form as aforesaid by the jury assessed together with the costs and charges in this behalf expended and it is Ordered that upon the payment of said damages and costs said debt be discharged."

While the judgment might be condemned as having been clumsily worded, it is clear, we think, that appellant is relieved of liability upon the payment of the amount of damages due appellee.[1] The order "that upon the payment of said damages and costs said debt be discharged" distinguishes the judgment from that appearing in Farrar v. United States, 5 Pet. 373, 8 L. Ed. 159; Campbell v. Pope, Fed. Cas. No. 2365a.

The only other question which appellant raises is in reference to the admission of evidence. Its contentions in this respect are, we think, without merit.

The judgment is affirmed.

---

[1] Wales v. Bogue, 31 Ill. 464; George J. Cooke Co. v. Alexander Burke, 148 Ill. App. 155; Globe Indemnity Co. v. Kesner, 203 Ill. App. 406; Keegan v. Kinnare, 123 Ill. 280, 14 N. E. 14; Pickett v. People, 114 Ill. App. 188; Ackerman v. People, 100 Ill. App. 125. In the following Illinois cases where the appellate court held the error to be one of substance as to the form of the judgment, there was not the statement in the judgment that it be discharged upon payment merely of the damages: Eggleston v. Buck, 31 Ill. 254; Parisher v. Waldo, 72 Ill. 71; O'Neil v. Nelson, 22 Ill. App. 531; Freeman v. People of Illinois, 54 Ill. 153; Strickland v. Sankiewicz, 208 Ill. App. 441.