ROCHESTER H. ROGERS, Plaintiff, *v.* REGINALD J. TRESIDDER, Defendant.
ROCHESTER H. ROGERS, Plaintiff, *v.* KATHERINE E. TRESIDDER, Defendant.

Supreme Court, Erie County, June 8, 1942.

*Philip J. Snyder*, for the plaintiff.

*Frederick W. Claus*, for the defendants.

MALONEY, J.  Plaintiff brought two actions, one against each defendant, for damages for breach of a contract for the installment purchase of certain real property.  The defendant Reginald J. Tresidder contracted May 26, 1927, to purchase a certain lot for $3,000.  Upon this contract was paid the sum of $2,465.50 at the time of execution of the contract, leaving an unpaid balance of $534.50 payable at the rate of $30 per month beginning July 5, 1927.  The contract provided that upon default in the payment of any installment for thirty days the entire balance should then become due and payable.  Defendant Reginald J. Tresidder conceded that no installment payment had ever been made.

The defendant Katherine E. Tresidder contracted, by a contract similar to the Reginald J. Tresidder contract, to purchase another certain lot by contract dated May 21, 1925, for the sum of $1,440, $300 of which was paid on execution of the contract, and the balance of $1,140 less a discount of $7.50 was to be paid at the rate of $22 per month, together with interest at six per cent, beginning July 5, 1925. These monthly payments were made until April 15, 1929, at which time there was $206.60 principal remaining unpaid, together with accrued interest of $28.76. Defendant Katherine E. Tresidder concedes that no payments were made on the contract after April 15, 1929. This contract also provided that upon default in the payment of an installment for thirty days the entire balance then became due and payable.

In each contract it was also provided that the buyer agreed to pay all taxes and assessments that shall be taxed or assessed against the lots from the date of the contract until the contract price was fully paid.

Plaintiff acquired the two contracts in question by an agreement with Burkhardt Development Corporation dated April 15, 1929. This agreement provided, among other things: " Whereas the party of the first part is desirous of assuring to the party of the second part the faithful performance of said contracts by the respective contract vendees named therein, or upon default, to substitute enforceable contracts in place of those in default; and " to facilitate the aforementioned intention the Burkhardt Development Corporation placed $20,000 of additional contracts in the hands of the Bank of Williamsville, as trustee.

The two defendants have breached their contracts. The contracts were under seal. Section 47 of the Civil Practice Act provides a twenty-year Statute of Limitations on contracts under seal.

Each defendant defaulted in payment of taxes as agreed in the contracts and the lots in question were foreclosed by the county of Erie. The Reginald Tresidder lot was foreclosed and sold in 1938, and the Katherine Tresidder lot was foreclosed and sold in 1935.

Defendants claim that the Statute of Limitations has run; that is not in accord with the section aforesaid, these contracts being sealed by defendants. (*Brooklyn Public Library* v. *City of New York*, 222 App. Div. 422; *Eames* v. *Preston*, 20 Ill. 389.)

The action taken by Erie county, viz., the foreclosure and sale of the lots agreed to be sold under the contracts, was occasioned by reason of the taxes unpaid by defendants in breach of their contract. This placed the plaintiff in a position where he could

not start an action for specific performance against defendants for the reason that he was out of possession. The plaintiff thereafter was relegated to recover damages for the breach of the contracts.

We are now met with the question of what plaintiff's damages were. In the ordinary breach of a contract the damages are the difference between the contract price and the value of the article contracted to be sold   This plaintiff made no such proof.

The plaintiff was content to rest on the purchase price contained in each contract, less the payments made by each of the defendants on his or her contract.

The defendants offered testimony of a real estate expert as to the value of the lots as of the date of each default. His testimony was to the effect that the value of the lots in each case was greater than the amount owing by each defendant on each of their contracts.

If the court should find as defendants claim that the measure of plaintiff's damages is as last above set out, the plaintiff may not recover any damages from either defendant. This action was brought in equity. To hold that the plaintiff could not recover would be inequitable to the plaintiff.

The defendants breached their contracts in failing to pay the county taxes on the lots purchased, causing the county of Erie to foreclose and sell these lots. By reason of such foreclosure, plaintiff lost title to the lots in question and was thereby estopped from bringing actions against the defendants for specific performance.

I, therefore, find that the measure of damages incurred by plaintiff is the contract price, less the amount paid by each of the defendants on his contract, and that such balances are the amounts due and owing plaintiff from the defendants respectively.

Let judgment enter in each case in favor of plaintiff and against defendants, without costs.