THE PEOPLE ex rel. Charles R. Scoon, County Collector, Appellant, vs. THE CHICAGO AND ALTON RAILROAD COMPANY et al. Appellees.

*Opinion filed December 21, 1911—Rehearing denied Feb. 17, 1912.*

1. MUNICIPAL CORPORATIONS—*object of constitutional prohibition against incurring indebtedness.* The object of the prohibition of the constitution against incurring indebtedness is to protect the property of citizens from being burdened beyond five per cent of its value, as ascertained by the assessment for State and county taxes, with any indebtedness extending into the future; and any plan or scheme which has the effect of creating such a burden is prohibited by the constitution.

2. SAME—*the prohibition against incurring indebtedness is not against the rate of tax.* The constitutional prohibition against incurring indebtedness is not against the rate of tax and does not limit the rate of taxation by which improvements may be made or the obligations of municipal corporations be met, but the prohibition is against voluntarily incurring an indebtedness in any manner or for any purpose, and it makes no difference under what guise the attempt is made or what form the proceeding takes.

3. SAME—*legislature may authorize municipal corporations to levy taxes sufficient for all purposes.* The legislature has power to authorize municipal corporations to raise money by taxation sufficient for the performance of all their duties, including the making of local improvements; and hence the mere fact that a city has reached the constitutional limit of indebtedness does not preclude it from levying taxes for any corporate purpose, within the limits fixed by the statute.

4. SAME—*bonds to pay city's share of cost of improvement are an indebtedness.* The mere fact that a city is indebted to the con-

stitutional limit is not ground for refusing confirmation of an assessment for an improvement to be paid for, in part, by general taxation, if it does not appear that the city has incurred any debt with respect to its share of the expense; but the issuing of bonds payable in the future by general taxation is an incurring of indebtedness within the meaning of the constitution, and it makes no difference that the bonds are payable out of a special fund. (*Jacksonville Railway Co.* v. *Jacksonville,* 114 Ill. 562, distinguished.)

5. SAME—*improvement bonds cannot be said to constitute benefits to property rather than indebtedness.* The claim that improvement bonds payable in the future by general taxation do not constitute an indebtedness of the city because the whole city is to be regarded as a single district benefited by the improvement, in which all property is benefited in an equal ratio equivalent to the tax levy, cannot be sustained, since a general tax is against personal property and is collectible from the individual owners of such property, while benefits are chargeable only to real estate and must be collected from the property.

6. REHEARING—*parties must abide by facts presented when the case was submitted.* If one party asserts as a fact that a city has issued bonds for its share of a special assessment and the statement is not denied by the other party and there is nothing in the record to show whether the statement is true or not, the court is justified in accepting the statement as true in rendering judgment, and the parties must abide by the judgment upon the facts as presented to the court when the case was submitted for decision.

APPEAL from the County Court of Marshall county; the Hon. D. H. GREGG, Judge, presiding.

HENRY JACOBS, State's Attorney, and J. A. RIELY, for appellant.

SILAS H. STRAWN, WINSTON, PAYNE, STRAWN & SHAW, and BARNES & MAGOON, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The city council of the city of Toluca, in Marshall county, passed an ordinance for an extensive system of sidewalks, to be paid for by special assessment. In the proceeding instituted in the county court for the purpose of

assessing benefits the city was assessed $8110.14 for public benefits and the balance of the cost of the improvement was assessed to owners of property. Bonds were issued by the city for the amount assessed to it, to be paid by general taxation. The city was then indebted in excess of five percentum of the value of the taxable property therein as ascertained by the last assessment for State and county taxes previous to the issue of the bonds. In 1910 a tax was levied for the payment of $4000 of the bonds and $240 interest, to which was added two per cent of the bond and interest levy, amounting to $85. The right of way of the appellant the Toluca, Marquette and Northern Railroad Company was delinquent for this tax, and the other appellant, the Chicago and Alton Railroad Company, having purchased the railroad, objections were filed in the name of both railroad companies to the application of the county collector to the county court for judgment. The facts were stipulated, and it was agreed that there was only one question to be decided in the case, which was, whether the amount assessed against the city, and for which the bonds were issued, was a part of the five per cent indebtedness specified in section 12 of article 9 of the constitution. It was agreed that if the bonds were an indebtedness within the meaning of the constitution the tax was to be held void; but if it was not to be so considered the tax was to be held good. The court decided that the amount remaining unpaid, for which bonds of the city were issued, was a debt of the city in the sense of the constitutional limitation and that the tax was void for that reason. Judgment was refused, and appellant excepted and appealed to this court.

The prohibition of the constitution is against voluntarily incurring an indebtedness in any manner or for any purpose, and it makes no difference under what guise the attempt is made or what form the proceeding takes. The object is to protect the property of citizens from being burdened beyond five per cent of its value, as ascertained by

253 — 13

the assessment for State and county taxes, with any indebtedness extending into the future, and any plan or scheme which has the effect of creating such a burden is prohibited by the constitution. The prohibition is not against the rate of a tax and does not limit the rate of taxation by which improvements may be made or the obligations of the municipal corporation be met. (*Village of East Moline* v. *Pope,* 224 Ill. 386; *Schnell* v. *City of Rock Island,* 232 id. 89.) The General Assembly has power to authorize municipal corporations to raise moneys by taxation sufficient for the performance of all their duties, including the making of local improvements. , Accordingly, when the question whether the fact that a city had already reached the limit of indebtedness could be shown to prevent the confirmation of an assessment for a local improvement to be paid for in part by general taxation came before the court in *Jacksonville Railway Co.* v. *City of Jacksonville,* 114 Ill. 562, the court decided that it could not. That was an appeal from a judgment confirming a special assessment, and an objector had offered to show, on the trial in the county court, that the indebtedness of the city exceeded the constitutional limitation. On the appeal it was contended that the ordinance was void as creating an indebtedness, but the court said that no question as to the power of the city to incur a debt was presented by the record, and said: "It does not appear from anything before us that the city has ever asked anyone to credit it on account of the proposed improvement. It has not incurred a debt in respect to it, nor is it threatening to do so. The city simply proposes to raise its share of the expenses by general taxation. It is not even attempting to anticipate a tax levy. Should it fail to raise the money in the manner proposed, and it should then attempt to borrow it or to hire some one to do the work on the city's credit, then, upon the complaint of a tax-payer, the constitutional provision referred to might be invoked, but until then no question of that kind can arise. It may

be assumed that if the city finds it cannot raise its share of the necessary funds by taxation, as contemplated in the ordinance, it will abandon the enterprise altogether, rather than attempt to raise it in violation of the constitution." The city of Jacksonville was not prohibited by the constitution from raising money by taxation to make a local improvement. The fact that a municipal corporation has incurred an indebtedness up to the full limit allowed by the constitution does not preclude it from levying taxes for any legal corporate purpose within the limits fixed by the statutes, and that rule was applied to a tax for building a school house in *People* v. *Chicago and Texas Railroad Co.* 223 Ill. 448, but every municipal corporation is prohibited, in the language of the constitution, from borrowing money or becoming indebted beyond the limitation, "in any manner or for any purpose." In the case of *Stone* v. *City of Chicago,* 207 Ill. 492, a bill was filed to enjoin the issue and sale of bonds, and it was claimed that an item of "public benefits due from city April 30, 1901, as per verbal report Haskins & Sells, $1,744,347.02," was a part of the existing indebtedness of the city of Chicago. That was not an item of bonds or certificates or other form of indebtedness payable in the future, but, like the case of the city of Jacksonville, for aught that appeared it might be paid by taxation. It was held, under the authority of the Jacksonville case, that the public benefits due from the city according to some verbal report was not a debt of the city in the sense of the constitutional limitation. There has been no decision of this court that bonds payable in the future by general taxation are not an indebtedness, but in the Jacksonville case it was implied that an attempt to borrow money would be a violation of the constitution. It makes no difference, in determining the question whether there is an indebtedness, that it is payable out of a special fund, since all bonds issued by a municipal corporation are, in effect, payable out of a special fund; (*Village of East Moline* v. *Pope, supra;*

*Schnell* v. *City of Rock Island, supra;*) nor that there should be a right of action against the municipal corporation; (*City of Joliet* v. *Alexander,* 194 Ill. 457; *Lobdell* v. *City of Chicago,* 227 id. 218;) nor that a city acquiring property encumbered by a mortgage indebtedness shall assume or agree to pay the mortgage debt. (*Evans* v. *Holman,* 244 Ill. 596.) The bonds issued by the city of Toluca are its obligations equally with any other sort of bond that may be issued payable by general taxation, and the obligation created thereby can have no other name than that of an indebtedness.

Counsel for appellant argue that there is no indebtedness because the whole city is to be regarded as a single district benefited by the improvement; that all property is benefited in an equal ratio equivalent to the tax levy, and that the property pays for the benefit just the same as property specially assessed. If this argument were otherwise sound it overlooks the obvious fact that the general tax is against personal property and collectible from individual owners of such property, while benefits to property can only be chargeable to real estate and be collected from the property.

We are also asked to declare that the bonds are not an indebtedness, because these bonds, and other similar bonds of other cities, have been purchased on the faith of previous decisions of this court. We do not understand that there has been such a decision, and consequently there is no question of the necessity or propriety of adhering to a decision which was, in fact, incorrect.

The judgment is affirmed.      *Judgment affirmed.*

Subsequently, on petition for rehearing, the following additional opinion was filed:

Per CURIAM: The appellant asks for a rehearing upon the ground that we misapprehended a fact in the case. The supposed misapprehension is, that we understood that the

city of Toluca issued its bonds for the amount assessed against it on account of public benefits, when, in fact, no bonds were issued. The transcript of the record does not show that bonds were issued or were not issued, the stipulation upon which the cause was heard being as follows: "The city of Toluca has been assessed in a special assessment proceeding in this court $8110.14 for the construction of a local improvement,—that is, the construction of sidewalks. It has been assessed that much for public benefits to the city, the property owners having been assessed the balance of the costs of that improvement. At the time the appropriation for this tax was made the city of Toluca was indebted, for bonds and general purposes, in the sum of five per cent of its assessed valuation over and above what it has been assessed on account of this improvement. Now, then, if the amount assessed to the city of Toluca for public benefits in that assessment proceeding in this court should be considered as part of the five per cent indebtedness against the city, as mentioned in section 12 of article 9 of the constitution, then this tax to be void, but if it is not to be considered as part of the five per cent mentioned in that section of the constitution then it is to be held good."

The "Statement of the case" in the brief and argument for the appellees, after stating the indebtedness of the city and the special assessment, contained the following: "The sidewalks were laid down by special assessment, one-half of which special assessment was assessed against the city for supposed general benefits that the city would acquire because thereof, and the other half was assessed against the property along which the sidewalks were laid. The amount so assessed against the city was $8110.14. Bonds were issued and floated anticipating the collection of this special assessment against the property owners and against the city's one-half. These bonds, it is understood, were taken by the contractor in payment for his work. * * * The railroad companies claim that said bonds were void because

they were an indebtedness within the meaning of section 12 of article 9 of the constitution of the State and were in excess of the five per cent limitation of indebtedness imposed by said section of article 9, and that the tax sought to be levied to pay interest on these void bonds was likewise void for the same reason. * * * The record presents but a single question, viz., is the tax valid or void because of the fact that it was levied to pay interest and principal upon bonds issued to pay the city's one-half of this special assessment for these sidewalks, when issued at a time that the city was indebted in excess of the five per cent allowed by the State constitution?"

These statements that bonds were issued and that the question to be decided was concerning their validity were not questioned in any manner by counsel for appellant, but the cause was submitted for decision on the briefs and arguments of the respective parties. If the statements were incorrect it was the duty of counsel for appellant to advise the court of the error and make the needed correction. It was not a misapprehension of the facts appearing to the court to decide the case as submitted upon the assumption that bonds were issued. The transcript of the record does not show that the statements of counsel respecting the issuing of bonds were untrue or incorrect, and we cannot now determine from the record that bonds were not issued. Whether the fact now alleged would make any difference in the decision of the case cannot be considered, but the parties must abide by the judgment upon the facts as presented to the court when it was submitted for decision.

The rehearing is denied.          *Rehearing denied.*