---

(No. 15245.—Judgment affirmed.)
THE PEOPLE *ex rel.* Joe C. Cool, County Collector, Appellee, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed June 20, 1923—Rehearing denied October 4, 1923.*

1. TAXES—*constitutional limitation on indebtedness of municipality does not limit power to levy taxes.* The constitutional limitation on the indebtedness of a municipality is not a limitation upon the power to levy taxes, and if a municipality is indebted beyond the amount which it may constitutionally contract, it may still levy taxes for the payment of its current expenses and meet such expenses by issuing anticipation warrants.

2. SAME—*when amount needed for interest is properly included in levy for building purposes.* A tax levy for building purposes may properly include the amount necessary to pay interest on school building bonds, which interest will be due before another tax can be levied and collected.

APPEAL from the County Court of DeWitt county; the Hon. JOHN H. McCOY, Judge, presiding.

HERRICK & HERRICK, and F. K. LEMON, (WALTER S. HORTON, and JOHN G. DRENNAN, of counsel,) for appellant.

WILLIAM F. SMITH, State's Attorney, (L. O. WILLIAMS, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The county court of DeWitt county, at the June term, 1922, entered a judgment of sale against the property of appellant, the Illinois Central Railroad Company, in said county, for delinquent taxes levied on account of Community High School District No. 117 for the year 1921, and the railroad company appeals to this court.

The community high school district in question was organized in September, 1909, and conducts a high school for the district. The taxes objected to consist of one item of $522.94 against the Chicago and Springfield division of appellant and one item of $119.41 against the property of its Chicago, Havana and Western division. The district was indebted on two bond issues,—one for $60,000, dated February 1, 1920, bearing five and one-half per cent interest, payable annually on February 1; the other for $50,000, dated February 1, 1921, and bearing interest at six per cent, payable semi-annually on February 1 and August 1. Besides these bonds there were teachers' orders outstanding on July 27, 1921, to the amount of $3200.04 and other orders outstanding amounting to $2190.78. These four items amounted to $115,390.82. The assessed valuation of the district was $2,247,768, five per cent of which is $112,388.40, which was therefore the constitutional limitation of indebtedness which the district was authorized to incur and was $3000 less than the items of indebtedness which have been mentioned.

The objection to the tax of school district No. 117 was that the levy was for $18,000 for educational purposes; that $10,000 was sufficient for the anticipated needs of the district for educational purposes for the year, and that the further sum of $8000 was levied for the purpose of creating a fund for the purpose of assisting to pay indebtedness

on the school building; that $10,000 was levied for building purposes when $2000 would pay for all lawful building purposes for the district for the year, and that the additional sum of $8000 was levied for the purpose of paying the indebtedness of the district on account of building and otherwise, and that these levies were made when the district was indebted in a sum greater than five percentum of the assessed valuation of all the taxable property in the district. No evidence was introduced as to the needs of the district for educational purposes and no evidence in regard to the amount required for building purposes, the only evidence offered on the latter subject being that at the date of the levy the district contemplated putting in a drainage system for the school that would cost, approximately, $3500. The constitutional limitation of indebtedness was no limitation upon the power of the district to levy taxes. That limitation is wholly statutory, and it is not claimed that the levy was beyond the statutory limit. The levying of a tax is not the incurring of an indebtedness, and if a municipality is indebted beyond the amount which it may constitutionally contract, it may still levy taxes for the payment of its current expenses and meet such expenses by the issue of anticipation warrants without incurring any indebtedness beyond the constitutional limitation. There was no evidence that the amount levied for building purposes was more than was required.

No objection was made to the validity of the $60,000 bond issue and no evidence was introduced on that question. It was necessary to provide for the interest on these bonds due February 1, 1922, which was $3300, and the interest due February 1, 1923, would fall due before another tax levy could be made and collected. These two amounts could properly be included in the tax levy which was made on July 27, 1921, and, together with the estimated cost of the drainage system, ($3500,) amounted to $10,100, which exceeded the amount levied for building purposes. There

was no evidence that there were not other legitimate purposes for which the school district was authorized to make a levy for building purposes.

The appellant offered to prove that at the time of the $50,000 bond issue the school district was indebted in excess of the constitutional limitation, but was not permitted to do so. Such evidence might have been received for the purpose of showing the invalidity of the bonds, but its rejection was not error, for it would not have affected the validity of the levies for either educational or building purposes, since the record did not show the levy was unauthorized, without regard to the question whether this issue of bonds was valid or not.

We find no error in the record, and the judgment of the county court will be affirmed.

*Judgment affirmed.*

---

(No. 15466.—Judgment affirmed.)
The People *ex rel.* G. J. Husser *et al.* Appellants, *vs.* Elmer Hedlund *et al.* Appellees.

*Opinion filed October 20, 1923.*