(No. 30005.—

THE PEOPLE ex rel. Clifford Thompson, County Collector, Appellee, vs. CHICAGO AND NORTH WESTERN RAILWAY COMPANY, Appellant.

*Opinion filed May 22, 1947—Rehearing denied September 16, 1947.*

TRIMBLE & TRIMBLE, of Princeton, and NELSON TROTTMAN, of Chicago, for appellant.

JOSEPH R. PETERSON, State's Attorney, of Princeton, for appellee.

Mr. JUSTICE STONE delievered the opinion of the court:

This is an appeal to review the judgment of the county court of Bureau county overruling certain tax objections filed by appellant to the levy for the year 1944.

The objections to the county corporate fund levy of the county. of Bureau were to the items: "Office supplies of County officers, exclusive of constitutional fee officers, $15,000," on the ground that the item is vague, indefinite and uncertain and not itemized, as required by law, and salaries of "Janitors of the Court House, $2700; Janitor of the jail, $1500," on the ground that under section 10 of article X of the constitution such salaries are payable only out of the fees earned and collected by the sheriff.

Appellant also objected to an item of the tax of the village of Manlius designated "For maintenance of water department," upon the ground it was not properly itemized. ·

An objection was also filed to the levy of the village of Ladd for the purpose of redeeming certain defaulted revenue sewer bonds, on the ground that the levy not being for the discharge of indebtedness for which the village was liable, was not for a corporate purpose, and that a certain act passed to authorize it is unconstitutional.

The first three of these objections were considered and disposed of contrary to the contentions of appellant, in *People ex rel. Thompson* v. *Chicago and North Western Railway Co. ante,* p. 266, and need no further discussion here. It was not error to overrule those objections.

It is earnestly urged, in support of the objection to the levy of the village of Ladd, that the levy was not for a corporate purpose, and, this being so, the General Assembly did not have power, under the constitution, to authorize such levy by a vote of the people. It appears from the record that the village of Ladd constructed a sewer and in payment therefor issued certain revenue bonds, to be paid only out of the revenues to be derived from the sewer. Pursuant to an act entitled: "An Act to

authorize cities, villages and incorporated towns to levy a tax for the redemption of defaulted revenue bonds, and accrued interest thereon, issued for the purpose of constructing or acquiring sewerage systems," (Laws of 1939, p. 399; Ill. Rev. Stat. 1943, chap. 24, par. 61-2 to 61-4,) the village of Ladd, after a vote of the people approving same, levied a tax not exceeding one per cent for the purpose of paying the defaulted revenue bonds issued to pay the cost of building a sewer.

The basis of the objection to this tax is that as these bonds were payable only from revenue derived from operation of the sewerage system, they do not constitute an indebtedness of the village within the meaning of the constitution. It is therefore urged, as we understand counsel's contention, that to assume the burden of the bonds which are payable only out of a special fund is not a corporate purpose. It is settled that taxes may not be levied for other than corporate purposes. (*Robbins* v. *Kadyk,* 312 Ill. 290; *Mather* v. *City of Ottawa,* 114 Ill. 659.) What is a public purpose is, in the first instance, for the legislature. Large discretion is vested in that body in its determination of that question. Courts may limit that discretion only by enforcing those limitations imposed by the constitution. (Cooley's Const. Lim. sec. 129.) To justify a court in declaring a tax invalid on the ground that it was not imposed for a public purpose, the absence of a public interest must be clear and palpable. *State* v. *Cornell,* 53 Neb. 556; *People* v. *Salem Township Board,* 20 Mich. 452.

Appellant's counsel cite *Berman* v. *Board of Education,* 360 Ill. 535, and other cases, holding that the taxing authorities do not have power to levy a tax to pay defaulted tax anticipation warrants. There is a marked difference between the levy involved here and one to pay defaulted tax anticipation warrants. In the latter case, as pointed out in the *Berman* and other cases, tax anticipation war-

rants are in nowise the obligation of the taxing municipality but represent taxes that had already been levied and presumably will be paid by the taxpayer, and the tax for the payment of defaulted tax anticipation warrants not only was a tax to pay that which is not a debt of the taxing district, but would amount to double taxation, and is not for a corporate purpose. Counsel's argument also overlooks an important feature of the case before us, that is, this tax is authorized by a vote of the people of the village of Ladd, and since to build a sewer and to issue corporate-debt bonds to pay for the same constitute a corporate purpose, as provided by the schedule of powers in article 23 of the Revised Cities and Village Act, (Ill. Rev. Stat. 1945, chap. 24, pars. 23-35 and 23-36,) we are unable to see that it is not equally a corporate purpose to levy a tax when the people have voted to assume the payment of revenue bonds for sewerage purposes. It is as though the people of the village of Ladd, by their vote, have authorized the outright purchase of the sewerage system.

Cases cited in support of appellant's argument on this point are those where an attempt was made to make levies without a vote of the people. In some of the earlier cases attention is drawn to the fact that the levy was so made, and the importance of such vote is stressed. Such cases are *Board of Supervisors* v. *Weider,* 64 Ill. 427, and *Burr* v. *City of Carbondale,* 76 Ill. 455, both decided since the adoption of the constitution of 1870. In this case we have before us an act known as House Bill 589, which, as we have seen, authorizes cities and villages to submit to the people the question whether there shall be levied a tax to pay defaulted revenue bonds issued for the purpose of constructing or acquiring sewerage systems, and, in case of a favorable vote, to levy a tax not exceeding the rate authorized by such vote, which in this case was one per cent of the taxable property of the village. The levy is authorized not by the act of the General Assembly but

only "if the majority of votes cast on the proposition are in favor thereof." Thus it will be seen that the act does not impose a tax upon the municipality contrary to section 10 of article IX of the constitution, and so is not open to the objection urged. The levy of a tax is not the creation of a debt. *People ex rel. Cool* v. *Illinois Central Railroad Co.* 309 Ill. 277; *People ex rel. Scoon* v. *Chicago and Alton Railroad Co.* 253 Ill. 191.

The county court did not err in overruling this objection. The judgment of the county court is affirmed.

*Judgment affirmed.*