THE PEOPLE *ex rel.* Samuel H. McCrea, Collector, etc.

*v.*

JOHN H. QUICK *et al.*

1. AMENDMENT—*of record at subsequent term.* The court, at a subsequent term, may, from its minutes or other sufficient evidence, enter an order *nunc pro tunc* correcting a judgment for taxes, so that it will show the real judgment in fact rendered.

2. Where, on an application for judgment in the county court for the taxes of the years 1873, 1874 and 1875, judgment was really pronounced for two-thirds of the taxes for each of those years by agreement of the respective counsel, but by mistake was entered for two-thirds of the taxes for the last named year only, it was *held,* that the court at a subsequent term properly allowed an amendment of the entry of judgment, *nunc pro tunc* upon an uncontradicted affidavit of the facts, so as to embrace the several years taxes.

3. SAME—*trial on merits on motion to amend record.* Where a judgment, by agreement, is pronounced by the court for a less amount of taxes against property than is claimed, but by mistake is entered for only one of three years, on a motion to correct the mistake, it is not error to refuse a trial on the merits as to the taxes due for the omitted years.

4. ATTORNEY—*when authority to compromise presumed.* Where a compromise is made as to a judgment against lots for taxes for a less amount than is claimed, by the county attorney and the counsel for the city and the attorney for the lot owners, upon which judgment is rendered, it will be presumed that the attorneys for the county and city had authority to act for these bodies. Even if they had no such authority, it would afford no ground for setting aside the judgment after its rendition. If the agreement had not been consummated, or if the want of authority had been shown at the term the judgment was pronounced, the court would have refused to carry it out.

APPEAL from the Appellate Court of the First District; the Hon. THEODORE D. MURPHY, presiding Justice, and Hon. GEO. W. PLEASANTS, and Hon. JOSEPH M. BAILEY, Justices.

Mr. CONSIDER H. WILLETT, for the appellant.

Mr. JOHN P. WILSON, for the appellees.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

An application was made for a judgment against lots in block 52, original town of Chicago, for the taxes of 1873, 1874 and 1875, when a judgment for the sale of the property was rendered, which was subsequently reversed and the cause remanded by the Supreme Court. On filing a mandate in the county court a judgment was entered against the property for two-thirds of the taxes for the year 1875, but by the order no disposition was made of the application for the years 1873 and 1874. This judgment was entered on the 19th day of December, 1878. At the March term, 1879, the objectors moved the court to correct the order so as to embrace the years 1873 and 1874 for two-thirds of the taxes for those years, and to have the order so amending the record entered *nunc pro tunc* as of the 19th of December, 1878. The application was based on the affidavit of the attorney, that he made an agreement with the county and corporation counsel that a judgment should be entered against the property for two-thirds of the taxes for each year, when by a clerical error it was only so entered for the taxes for the year 1875.

Appellant moved that a trial be had on the merits, but the motion was overruled and the motion to amend the record as requested was allowed. On appellant's motion the opposite counsel offered to introduce in evidence the publication, collector's return and other evidence, which was claimed to entitle appellant to judgment for the full amount of taxes for each year, but the court refused to hear it.

There can be no question that courts may amend their records so as to make them speak the truth,—otherwise justice would be defeated in many cases. If the agreement was that the judgment should, at the December term, be rendered for two-thirds of the taxes for those years, and that was the judgment of the court, and for any reason it was not so entered, the court could, from its minutes or other sufficient evidence,

582 THE PEOPLE *ex rel. v.* QUICK *et al.* [Sept. T.

Opinion of the Court.

at a subsequent term, enter a *nunc pro tunc* order making the correction, and on being so satisfied that such a mistake existed it was the duty of the court to correct the judgment and refuse to hear the case on its merits.

· The court below was satisfied, from the affidavit, that the mistake had occurred, and being satisfied, acted correctly in removing the mistake and rectifying the judgment to conform to the judgment that was really rendered but inaccurately entered. The affidavit was not contradicted, and the court acted on it, as it was authorized, as true.

The compromise was made by the county attorney and the city counsellor, and we must presume they had authority to act for and bind these bodies. Even if it could have been shown that they had no authority to make the compromise, we fail to see that it would be ground for setting aside a judgment already entered. If the agreement had not been consummated, or if the want of authority had been shown before the term at which the judgment was rendered had adjourned, the court would have refused to carry it out. But on this motion, as the judgment had been rendered at the previous term, but incorrectly, it may be doubted whether, if the want of authority in the attorneys had appeared, the court could have refused to correct the entry of the judgment so as to conform to that actually pronounced. But there was no such objection made, nor was there any countervailing evidence that there was a want of authority to make the compromise.

The authorities to which reference is made related in most of them to verbal stipulations to continue or dismiss suits, and were not recognized by the court as binding when their performance was urged. The others relate to cases where the stipulation was unexecuted. But here the stipulation had been performed by the rendition of the judgment.

Perceiving no error in the record, the judgment must be affirmed.

*Judgment affirmed.*