## W. W. IVES
## v.
## ALICE HULCE.

1. AMENDMENT OF JUDGMENT.—A final judgment can not be amended after the term at which it was rendered, but it may be corrected in any matter of form where a clerical error has intervened, upon notice to the party interested.

2. SAME.—Where it clearly appears that the judgment as entered is not the sentence which the law ought to have pronounced upon the facts established by the record, and is not what the court designed it should be, the court acts upon the presumption that the error is a clerical misprision rather than a judicial blunder, and sets the judgment entry right by an amendment *nunc pro tunc.*

ERROR to the Circuit Court of McLean county; the Hon. O. T. REEVES, Judge, presiding. Opinion filed August 20, 1885.

Ives v. Hulce.

Messrs. Kerrick, Lucas & Spencer, for plaintiff in error; that the court has no power, upon motion, to vacate a judgment entered actually, regularly, finally and without taint of fraud at a previous term, cited Cook v. Wood, 24 Ill. 296; McKindley v. Buck, 43 Ill. 489; Windett v. Hamilton, 52 Ill. 180; Coursen v. Hixon, 78 Ill. 339.

After the expiration of the term of court at which the judgment was rendered, the power of the court to amend its records is confined to clerical errors and matters of form, and does not extend in any case to entering a judgment different in substance: Baragwanath v. Wilson, 4 Bradwell, 80; Cairo & St. L. R. R. Co. v. Holbrook, 72 Ill. 419; Lill v. Stookey, 72 Ill. 495.

Mr. William E. Hughes, for defendant in error; that under the English statutes it has been decided that a judgment may at a subsequent term be amended by a verdict appearing of record in the cause, cited Smith v. Fuller, 2 Strange, 787; Rees v. Morgan, 3 Dunf. & East, 347–349; Richardson v. Mellish, 3 Bingham, 346; Mahone v. Perkinson, 35 Ga. 207; Tucker v. Hamilton, 108 Ill. 464.

Wall, P. J. Alice Hulce brought an action of replevin before a justice of the peace against W. W. Ives and Jos. Ator. The officer having the writ made return that he had executed the same by reading to the defendants, they having refused to deliver up the property upon demand made by him. The record does not show what was the judgment of justice, but the case having been removed to the circuit court by appeal a trial was had by jury resulting in a verdict as follows:

"We, the jury, find defendant Ives guilty and assess the damages at one hundred and seventy-five dollars; we also find defendant Ator not guilty." The defendant Ives entered his motion for a new trial.

At the next term of the court the motion for a new trial was overruled and judgment was entered as follows: "It is therefore considered and adjudged by the court that the plaintiff have and recover of and from the defendant, Wm. W. Ives,

the sum of one cent, her damages so assessed by the jury as aforesaid for the unlawful detention of the goods and chattels," etc., etc.  An appeal to this court was also allowed to the defendant, and while it is not expressly shown by the present record, yet it is to be inferred from the statements made by one of the witnesses, that the case was brought to this court and affirmed; and such appears from the records of this court to have been the fact (14 Bradwell, 389).

It seems to have been supposed that the judgment as entered up corresponded with the verdict and was for $175 until long after the term when it was rendered.  The error having been at length discovered, a motion was made at a subsequent term, notice having been given to amend the judgment so as to increase the damages from one cent to one hundred and seventy-five dollars according to the verdict.  This motion was by the court allowed and the judgment was so amended.  The record is now presented to this court and error is assigned upon the action of the circuit court in allowing said amendment.

It is a general rule that no final judgment can be amended after the term at which it was rendered, but it may be corrected in any matter of form where a clerical error has intervened, upon notice to the party interested.  There is, however, no authority to correct judicial errors under the pretense of correcting clerical errors, and to entitle a party to an order amending a judgment or decree, he must establish that the entry as made does not conform to what the court intended it should be when it was ordered.  An error of the court, no matter how palpable, can not be corrected in this way, and when it can be determined that the entry as made is what the court intended, there can be no amendment.

Any error or defect in a record which occurs through the act or omission of the clerk of the court in entering or failing to enter of record its judgments or proceedings, and is not an error in the express judgment pronounced by the court in the exercise of its judicial discretion, is mere clerical error and amendable, no matter how important a part of the record it may be.  It has also been held that when the error or defect is in respect to the entry of some judgment or proceeding to

Ives v. Hulce.

which one of the parties was as a matter of right and of course entitled, it will sometimes be presumed to have occurred through the misprision of the clerk, and will always be amendable, if from other parts of the record or from convincing and satisfactory proofs it can be clearly ascertained what judgment, order or decree the party was entitled to; and it has been well said that there are many cases where it so clearly appears that the judgment as entered is not the sentence which the law ought to have pronounced upon the facts established by the record, that the court acts upon the presumption that the error is a clerical misprision rather than a judicial blunder, and sets the judgment, or rather the judgment entry, right by amendment *nunc pro tunc.*    Freeman on Judgments, Ch. IV; Rees v. Morgan, 3 Dunf. & East, 347; Lill v. Stookey, 72 Ill. 495; Crouch v. English, 81 Ill. 442; Becker v. Sauter, 89 Ill. 596; Tucker v. Hamilton, 108 Ill. 464.

The case before us is peculiar.    The judge's minutes entered at the term when the case was tried are as follows:  "Trial by jury; jury sworn; verdict (see verdict), mo. by dft. for new trial."   It will be noticed the verdict is not set out here, but only referred to thus:  See verdict.

At the next term, when the motion for new trial was disposed of, the minutes are as follows:  "Mo. for new trial overruled.   Defendant excepts.   Judg't for plff., one cent damages.   App'l to App. Court.   Bond," etc.

The order as entered by the clerk is that plaintiff have and recover "from defendant, Ives, the sum of one cent, her damages so assessed by the jury as aforesaid, for the unlawful detention of the goods and chattels," etc.   It is manifest that the court, in entering the minutes, was laboring under the impression that the verdict which was set out was in the usual form in replevin (overlooking the fact that by reason of the failure of the officer to get the goods the action was really transformed, and that the verdict was for the value of the property as in trover), and therefore the entry for nominal damages was made.   The motion for new trial being overruled, the plaintiff was entitled as a matter of right and of course to a judgment for the amount of the verdict.   It may be said in

Ives v. Hulce.

a certain sense that the court intended to make the order in the form as it was entered, and that the clerk but followed the judge's minutes. Yet it is quite apparent the result is not what the court intended, and in the broad and just sense of the term the order is not what the court designed it should be. This we understand is the crucial test as to whether an amendment should be allowed; and upon principle it is not very material whether the misprision is that of the judge or clerk if the sentence which the court intended has not been entered up. The court evidently intended to enforce the verdict and give the plaintiff the legal benefit flowing therefrom. To say otherwise would be an unworthy imputation upon the court. To overrule a motion for new trial upon a verdict for $175 and then render judgment for one cent, could not have been the deliberate and intentional act of the court, and what was so done is not to be regarded as a judicial error, an " error in the exercise of the judicial discretion," but rather an inadvertence in the merely ministerial matter of putting in form the sentence of the court; a slip of the pen, which would have been instantly corrected had attention been called to the fact. Regarding it in this light it stands upon the same ground of reason and justice as though it were a mere clerical error and should be subject to correction in the same way. While the case may not be within the letter of the rule, as often stated in judicial opinions and text books, it is clearly within the reason and spirit of it, and is one of those many cases where, as said *supra*, quoting from Freeman on Judgments, Sec. 70, " it so clearly appears that the judgment as entered is not the sentence which the law ought to have pronounced upon the facts established by the record, that the court acts upon the presumption that the error is a clerical misprision rather than a judicial blunder, and sets the judgment, or rather the judgment entry, right by an amendment *nunc pro tunc*."

We are of opinion that the court properly permitted the amendment, and the judgment is therefore affirmed.

Affirmed.