| 22 | 369 |
| 87 | 81 |

# GEORGE GEBBIE
## v.
# PETER L. MOONEY.

*Pleading and Practice—Defective Count—Entire Verdict Valid, if Sustained by One or More Counts—Presumption—Power of Court to Amend Record of Term—Waiver of Irregularities—Demurrer.*

1.   An entire verdict based on several counts of the declaration will not be reversed or set aside on the ground of a defective count, if one or more of the counts is sufficient to sustain it.

2.   In the case presented, wherein there is no bill of exceptions, it is *held:* That even if the special count is defective, it will be presumed that the evidence sustained the causes of action alleged in the common counts.

3.   Courts of record have power after the term at which judgment is rendered, upon due notice, to amend their records, so as to correct the errors and mistakes of their officers.   Upon such amendment by the court below, it will be presumed, unless the contrary is shown, that the court was in possession of sufficient memoranda or other legal evidence of its actual proceedings to warrant its finding.

4.   A plea which professes to answer the entire cause of action, but only answers a part thereof, is bad on demurrer.

5.   It *seems* that if the defendant was present and joined in the trial without objection, with a demurrer undisposed of and an additional count unanswered, his action was a waiver of such irregularities.

[Opinion filed January 26, 1887.]

APPEAL from the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding.

Messrs. LEWIS UMLAUF and ROBERT HERVEY, for appellant.

Mr. JOSEPH WRIGHT, for appellee.

BAILEY, J.   This was an action of assumpsit brought by the appellee against the appellant.   The trial before the court and jury resulted in a verdict and judgment in favor of the appellee for $2,500.   The record contains no bill of exceptions and therefore the evidence heard at the trial is not before us·

The original declaration consisted of a special count, alleg-
ing the non-performance by the appellant of an express con-
tract between the parties and also the common counts. It is
urged that the special count presents no cause of action for
which a recovery can be had at law. We do not deem it neces-
sary to determine the sufficiency of that count, as the common
counts are unquestionably good and are sufficient to sustain
the verdict and judgment. Sec. 57 of the Practice Act pro-
vides that " whenever an entire verdict shall be given on sev-
eral counts, the same shall not be set aside or reversed on the
ground of any defective count, if one or more of the counts
in the declaration be sufficient to sustain the verdict." See,
also, Bradshaw v. Hubbard, 1 Gilm. 390; Snyder v. Gaither,
3 Scam. 91; North v. Kizer, 72 Ill. 172; Waugh v. Suter, 3
Ill. App. 271; Payne v. Donegan, 9 Ill. App. 566.

It is urged that the cause of action attempted to be alleged
in the special count is not one to which the common counts
are applicable, and that for that reason those counts should be
disregarded. There is no force in the suggestion. If the
evidence had been preserved, and if it had appeared that it
tended to prove no cause of action for which a recovery could
be had under the common counts, those counts doubtless might
have been disregarded. The evidence, however, not being
before us, we can not presume that any portion of it was
applicable to the special count, but may rest upon the presump-
tion that it proved the causes of action alleged in the common
counts and those only.

The defendant filed three pleas, each purporting to answer
the entire declaration, viz.: 1, *non assumpsit;* 2, a special plea
alleging a partial failure of the consideration of the contract
set out in the special count of the declaration ; 3, a plea of
set-off. Issues of fact were duly taken upon the first and third
pleas, and to the second plea the plaintiff filed a special
demurrer, which was sustained by the court, and the sustaining
of said demurrer is assigned for error. Various grounds of
demurrer were urged, but one only need be considered. The
matters alleged in the plea answered only the special

count, while the plea professed to answer the whole declaration. This was a manifest defect in the pleading for which the demurrer was properly sustained. Moir v. Harrington, 22 Ill. 40 ; American Ins. Co. v. Holly, 81 Ill. 353.

Prior to the commencement of the trial, the defendant, by leave of the court, filed two additional pleas alleging fraud and circumvention in procuring the execution by the defendant of the contract set out in the special count. These pleas also professed to answer the whole declaration, and a demurrer thereto was interposed by the plaintiff. During the progress of the trial the plaintiff, by leave of the court, filed an additional count setting out the same contract alleged in the special count of the original declaration, and a further contract between the parties supplemental thereto, and alleging the non-performance of said contract as modified by the supplemental contract. In the original record brought to this court it did not appear that any disposition had been made of the demurrer to the additional pleas, or that any issue had been taken upon the additional count. So far as appeared, however, the trial was entered upon and proceeded to verdict without any objection by the defendant that the demurrer was undisposed of or the count unanswered.

Since the record was brought to this court the plaintiff, after due notice to the attorneys for the defendant, has applied to the court below for the entry by that court, *nunc pro tunc*, of certain orders which it is claimed were omitted by an error of the clerk. From a supplemental record now filed it appears that, in response to said application, the court below, on examining the records in the cause, found that said orders were made by the court, but by an omission of the clerk were not entered upon the record, and the same were ordered to be entered *nunc pro tunc*, as of the dates at which they were made. From said orders it now appears that the demurrer to the additional pleas was sustained on the same day on which it was filed, which was prior to the trial, and that after filing of the additional count and while the trial was progressing, leave was granted to the defendant, on his motion, to have his pleas

Gebbie v. Mooney.

filed to the original declaration stand as his pleas to the additional count.

We are of the opinion that, even in the absence of the supplemental record, there was no error of which the defendant can complain. Being present at and joining in the trial without objection, while the demurrer was undisposed of and the additional count unanswered was, as we are inclined to think, a waiver by him of such irregularity. Strohm v. Hayes, 70 Ill. 41, and authorities cited. But, if this were otherwise, the supplemental record shows that the demurrer was properly disposed of and proper issues formed upon the additional count.

There can be no doubt that courts of record have power, after the term at which judgment is rendered, upon due notice to all persons interested, to amend their records so as to correct the errors and mistakes of their officers and make the record conform to the facts. Coughran v. Gutchens, 18 Ill. 390; Dunham v. South Park Commissioners, 87 Ill. 185. The court found that the orders in question had been made, but had been omitted from the record by the mistake of the clerk. It will be presumed, as the contrary is not shown, that the court was in possession of sufficient memoranda or other legal evidence as to what the actual proceedings in court were, to warrant such finding. It was proper then that an order should be entered making the record speak the truth, and causing it to conform to the proceedings of the court as they actually took place.

There being no error in the record the judgment will be affirmed.

*Judgment affirmed.*