## M. M. Green, Nellie M. Novak, F. H. Novak and The Homestead B. and L. Ass'n v. Illinois and Wisconsin Lumber Co.

1. PRESUMPTIONS—*As to Amendments.*—Where the record is silent upon the subject the court will presume that the judge of the trial court had before him sufficient data, as a part of the court records or files in the case, upon which to base the amendment in question.

Mechanic's Lien.—Error to the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed January 16, 1900.

Novak & Novak, attorneys for plaintiffs in error.

Lynden Evans, attorney for defendant in error.

Mr. Justice Shepard delivered the opinion of the court.

This was a proceeding to enforce a mechanic's lien in favor of the defendant in error against the plaintiff in error Green, and certain premises owned by him, and this writ of error is prosecuted from an order entered by the Circuit Court amending the decree after the expiration of the term at which the decree was entered.

The decree was entered June 24, 1898, which was of the June term, 1898, and the amendatory order was entered August 12, 1898, which was of the July term, 1898, of said Circuit Court. The amendatory order was entered *nunc pro tunc* as of the date of the entry of the decree.

The only assigned errors that are not abandoned are such as attack the amendatory order. The specifically assigned error in that regard is as follows:

" 2d. The court below erred in entering the order of August 12, 1898, changing the description of the property described in the original decree entered on the 24th day of June, 1898, the June term of said court having long expired, and the correction not being a clerical error but a complete change of the description of the real estate, and making it a lien on real estate other than that described in the original decree filed June 24, 1898."

The decree as originally entered found that appellee was entitled to and had a lien upon " lots one, two, three and four of block sixteen in West Pullman," etc.

The amendment made by the order complained of consisted in inserting immediately, before the description above quoted, the words : " Lots one and two of the resubdivision of."

The transcript of the record before us was made in accordance with a praecipe for the record filed by the plaintiff in error, and omits the bill or petition filed for the lien, the master's report and all the evidence upon which the decree was based.

We will presume, therefore, that the judge of the Circuit Court had before him sufficient data, as part of the Circuit Court records or files in the case, upon which to base the amendment.

If the petition for the lien, the master's report and the evidence, all contained the description of the premises, as set forth in the decree as amended—as we will, in their absence from the record before us, presume they did—the amendment was purely clerical in its nature and was clearly within the power of the court to make, even after lapse of the term.

The master's report of sale shows that he did not advertise the property for sale until August 18, 1898, six days after the decree was corrected, and that the premises were not sold until September 9, 1898. There has been no sacrifice of or injury to intervening rights, by the amendment, and we can see no shadow of error in allowing it to be done. Affirmed.