(No. 15441.—Writ denied.)

THE PEOPLE *ex rel.* Adam A. Wonogas, Petitioner, *vs.* GEORGE B. HOLMES, Judge of the Municipal Court, *et al.* Respondents.

*Opinion filed April 14, 1924—Rehearing denied June 5, 1924.*

1. MANDAMUS—*mandamus cannot be used to control judicial discretion.* Mandamus cannot be used to control judicial discretion or to review the action of a tribunal in any matter involving the examination of evidence and the decision of questions of law and fact.

2. SAME—*action of court in correcting record cannot be reviewed by mandamus.* A writ of *mandamus* cannot be allowed to compel a judge of the municipal court to vacate and expunge from the records an order amending a judgment previously entered in the exercise of jurisdiction, as the questions whether the court had before it proper memoranda as a basis for the correction and whether it acted properly in entering the order are not matters to be reviewed by *mandamus* but by writ of error or appeal.

3. JURISDICTION—*court has power to make proper amendment of record at any time.* Whether it is a misprision of the clerk or a malfeasance, the court has power at all times, upon notice given, to reform its records so as to make them speak the truth; and such amendments may be made at any time, as long as anything definite and certain remains as a basis for the amendment.

ORIGINAL petition for *mandamus*.

SLOTTOW & LEVITON, (CHARLES LEVITON, of counsel,) for petitioner.

LEWIS, ADLER, LEDERER & KAHN, for respondents.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The relator, Adam A. Wonogas, by leave of court has filed his petition for writ of *mandamus* against respondent George B. Holmes, one of the judges of the municipal court of the city of Chicago, commanding him to vacate and expunge from the records of said court an order entered by him February 27, 1923, purporting to amend *nunc pro tunc* a judgment entered December 4, 1922, on the ground that he had no jurisdiction to enter the order. Sears, Roebuck & Co., plaintiff in the original cause, being interested, was also made a defendant to the petition. Relator demurred to the answers filed, and the cause is submitted for decision on the issue of law thus formed.

November 3, 1922, Sears, Roebuck & Co. brought an action in replevin in the municipal court against Adam A. Wonogas. November 15 Wonogas entered an appearance and filed an affidavit of merits. December 4 the cause was called for trial and Sears, Roebuck & Co. asked leave to file instanter a count in trover. Leave was granted and Wonogas was ruled to plead instanter. He was not present in court, and the court thereupon found that he was in default for want of appearance and that he was guilty of maliciously and willfully converting to his own use the property of Sears, Roebuck & Co. with intent to defraud it. December 15 Wonogas was taken into custody on a *capias* theretofore issued. The following day a stay order was entered by one of the judges, and Wonogas filed his

motion to vacate the order of December 4. December 20
there was a hearing on this motion and the order of De-
cember 4 was vacated and set aside. Leave having been
granted, Wonogas filed an amended affidavit of merits. De-
cember 26 the cause came on for trial, and Sears, Roebuck
& Co. entered a motion that the order of December 20 va-
cating the order of December 4 be vacated and set aside.
This motion was denied and the cause was dismissed for
want of prosecution. From this order of dismissal an ap-
peal was prayed to the Appellate Court. January 3, 1923,
Sears, Roebuck & Co. made a motion to amend the order
of December 4, 1922, so that it would show that judgment
was entered on an *ex parte* hearing, which was the fact.
February 27 this motion was considered and the order chal-
lenged by this proceeding was entered.

The sole question presented to us for decision is whether
the municipal court had jurisdiction to correct its records
so as to make them speak the truth. *Mandamus* cannot be
used to control judicial discretion or to review the action
of a tribunal in any matter involving the examination of
evidence and the decision of questions of law and fact.
(*Ex parte Morgan,* 114 U. S. 174, 5 Sup. Ct. 825; *Peo-
ple* v. *Pearson,* 2 Scam. 189.) Whether it is a misprision
of the clerk or a malfeasance, the court has power at all
times, upon notice given, to reform its records so as to
make them speak the truth. No reason suggests itself why
such amendments may not be made at any time, as long
as anything definite and certain remains as a basis for the
amendment. (*Knefel* v. *People,* 187 Ill. 212; *Church* v.
*English,* 81 id. 442; *Howell* v. *Morlan,* 78 id. 162; *Cairo
and St. Louis Railroad Co.* v. *Holbrook,* 72 id. 419.)
Whether the court had before it proper memoranda as a
basis for the correction, or whether it acted properly in en-
tering its order, are not matters which can be reviewed by
*mandamus.* The action of the court in deciding a matter

which it had jurisdiction to consider and determine is a question which can be reviewed by writ of error or appeal, and the writ of *mandamus* cannot be made a substitute for one of these methods of review.

It is clear that the court had jurisdiction to enter the order of February 27, and for that reason the writ of *mandamus* is denied.

*Writ denied.*