(No. 25267.—
THE PEOPLE *ex rel.* John L. Toman, County Collector, Appellant, *vs.* GEORGE M. CRANE, Appellee.

*Opinion filed October 13, 1939.*

Thomas J. Courtney, State's Attorney, and Barnet Hodes, Corporation Counsel, (Joseph M. Grossman, Otho S. Fasig, Norman N. Eiger, and J. Herzl Segal, of counsel,) for appellant.

Woods, Woods, Brown & Salter, (Adelbert Brown, Robert N. Holt, and Robert E. Corcoran, of counsel,) for appellee.

Mr. Justice Jones delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county sustaining objections of George M. Crane to the 1936 taxes levied by the city of Chicago for a bond and interest fund and a building fund for library purposes, and ordering a refund of the amount paid under protest.

The facts are stipulated. On December 21, 1936, the city provided, by ordinance, for a bond issue of $12,349,000 to pay judgments against the city of $8,685,721, rendered prior to April 1, 1931, with accrued interest, amounting, in all, to the face of the bonds. The bonds were issued without a referendum and are due serially. Annual levies are required to pay current maturities. Of the judgments, $4,138,124.19 are final judgments assessing the city for public benefits in proceedings under the Local Improvement act, and $320,433.69 represents condemnation judgments under the same act. The balance represents other judgments against the city. The condemnation judgments were primarily charged against special assessments and were not paid because of delinquencies. Appropriations were made for all the other classes of judgments from time to time prior to the bond issue. The judgments were not paid because the city's revenue from all sources was insufficient to pay current appropriations. All taxes levied to pay judgments were applied when collected to that purpose and were not diverted to other purposes. Of the amounts levied for

public benefits from 1924 to 1932, $757,144.10 was uncollected. The $4,138,174.19 is the unpaid balance at the date of the bond issue, of public benefits assessed against the city prior to April 1, 1931. It is only the tax for that portion of the bond issue represented by this item that is in controversy.

The decisive question is whether the judgments assessing public benefits in local improvement proceedings are within the purview of the statute permitting the issue, without a referendum, of bonds to pay judgments against a municipality. Section 1 of the act requiring a referendum on all ordinances authorizing the issue of municipal bonds (Ill. Rev. Stat. 1937, chap. 24, par. 661) expressly excepts "bonds to fund or refund any existing judgment indebtedness."

When a municipality files a petition in a court of record in a local improvement proceeding all parties in interest must be brought into court in the manner provided by the statute. The proceeding requires an assessment roll showing the amount which is to be assessed against the property benefited and the amount to be assessed against the municipality for public benefits. The assessment roll showing such division must be presented to the court for a hearing, upon which the court may approve or modify the distribution. Thus a triable issue is provided between the municipality and the owners of the property benefited. After a contest, or upon a default, the action of the court in entering a confirmation judgment is a judicial determination of a triable issue, as much so as in any other suit or proceeding. A judgment is the sentence of the law pronounced by a court upon the matter contained in the record. It is the law's last word in a judicial controversy and may be defined as a final consideration and determination of a court upon a matter submitted to it in an action or proceeding. A judgment is the judicial act of the court. (*Blakeslee's Storage Warehouses, Inc.* v. *City of Chicago,* 369 Ill. 480.

The fact that the municipality may abandon the proceeding within ninety days after the confirmation judgment is entered does not make it any less a judgment. When the municipality elects to proceed with the improvement, the judgment becomes final the same as when an election is made in a condemnation proceeding. It is stipulated that the normal statutory procedure was followed. The fact that no execution can be issued on a confirmation judgment does not tend to show it is not within the statutory exception. No execution can issue on any judgment against a municipality. The exclusive remedy of compelling a levy and collection of taxes to pay it is the same in all cases. While a confirmation judgment is *in rem* against real estate benefited, it is manifestly not so as to public benefits. It does not attach to any property of the municipality, but is enforceable in the same manner as any other judgment against the corporation. A construction contractor holding public benefit vouchers has no judgment in his name against the city, but nevertheless he may enforce it for his benefit.

Section 42a of the Local Improvement act (Ill. Rev. Stat. 1937, chap. 24, par. 744) provides for certifying the the assessment roll and "the judgment" to the collecting officer, and section 56 (par. 758) provides that the judgments shall be final, and the proceedings subject to review. This court has in several instances treated the order of confirmation as a judgment. (*Washington* v. *City of Des Plaines,* 344 Ill. 613; *Woodward* v. *Ruel,* 355 id. 163; *Village of Dolton* v. *Dolton Estate,* 331 id. 88.) We observe no reason for taking a different view.

Appellee argues the bonds were issued to pay vouchers issued on account of public bnefits. This contention is also untenable. The ordinance expressly provides the bonds are to create a fund to pay the judgments. Vouchers are not in any way mentioned. While the holders of any such vouchers might ultimately become beneficiaries of the fund, so would a judgment creditor under any other judgment,

and bonds in either case are issued, not to pay the beneficiary, but to pay the judgment. Nor are the vouchers, as claimed by appellee, a species of tax anticipation warrants, which may be issued only after a levy is made and for only three-fourths of the levy. The issue and acceptance of such warrants extinguishes the antecedent obligation, and closes the transaction so far as the municipality is concerned. The holder can look only to the previous levy for payment. (*Berman* v. *Board of Education,* 360 Ill. 535.) A public benefit voucher evidences a general obligation of the municipality, fixed by the confirmation judgment. The holder may compel repeated levies until the amount of the obligation is paid.

Paragraph 661 of the Cities and Villages act, above mentioned, exempts, in municipalities of less than 200,000 population, bonds to anticipate the collection of special assessments and special taxes against municipal property and public benefits. Appellee argues this shows the legislature intended that bonds to pay judgments for public benefits in larger communities are not excepted from the referendum requirements. We do not agree with that contention. The provision mentioned relates only to bonds to anticipate the collection of installments due in the future. The bonds here were issued to pay judgments entered approximately five years previously, not to pay installments of assessments for public benefits.

When the confirmation judgments were entered the amounts were within the constitutional debt limit. Appellee claims the vouchers were not debts within the meaning of the constitutional limitation and were not full faith and credit obligations until they were funded by the bonds, and that, by the conversion, the limitation in 1936 was exceeded. He concedes the public benefits assessed are general obligations of the city. On this point the argument again loses sight of the fact that the bonds were not substituted for vouchers, but for judgments. However, the contention falls in any event. Prior to the extension of credit to a

municipality for the amount of public benefits, and in the absence of a showing that the municipality is not ready to raise the amount by taxation, public benefits are not to be counted as debts in determining whether the constitutional debt limit has been exceeded. (*Jacksonville Railway Co.* v. *City of Jacksonville,* 114 Ill. 562; *Stone* v. *City of Chicago,* 207 id. 492.) But after there has been an extension of credit for the purpose of the improvement, they are considered to be debts within the meaning of the constitution, and if the municipality is at that time otherwise indebted up to the constitutional limit, bonds attempted to be issued to pay such benefits are void. (*People* v. *Chicago and Alton Railroad Co.* 253 Ill. 191.) In this case the improvements were completed and accepted. The city had obtained credit for the public benefits. The judgments therefore were clearly debts. Inasmuch as they were within the constitutional limitation when rendered, the substitution of the bonds did not create a debt but merely continued the existing indebtedness. (*Kocsis* v. *Chicago Park District,* 362 Ill. 24.) The constitutional limitation was not exceeded by including them in the bond issue.

The fact that levies have been made in previous years for the payment of public benefits or the judgments in no way constitutes double taxation. Admittedly all taxes collected to pay judgments were insufficient to pay them and were applied to that purpose. The amounts represented by the judgments in the bond issue remained unpaid when the bonds were issued. To constitute double taxation, objectionable or prohibited, the two or more taxes must be imposed during the same taxing period. (*People* v. *Schweitzer,* 369 Ill. 355; Cooley on Taxation, (4th ed.) 223.) The county court incorrectly sustained the objections to the levy for bonds and interest.

At the time the levy for the library building fund was made, section 1 of the Library act as amended in 1935 (Smith-Hurd Stat. 1935, chap. 81, par. 1) authorized cities to establish and maintain public libraries and to levy an

annual tax not to exceed one and two-tenths mills on the dollar. Provided, that in cities of over one hundred and fifty thousand inhabitants, such tax shall not exceed for the years 1935, 1936, and 1937, three-quarters of one mill on the dollar of the assessed valuation; or at such rate which will produce, when extended, an amount not to exceed $1,800,000, whichever may be greater; and for the year 1938, and thereafter, three-quarters of one mill on each dollar of the assessed valuation annually for maintenance and operation, and an additional tax of one-tenth of a mill on the dollar annually for building purposes.

The library tax objected to is a levy of .01 for building purposes for 1936 in addition to the rate which would produce $1,800,000. Prior to the 1935 amendment the statute contained a proviso that for the year 1929, and thereafter, the tax should not exceed six-tenths of a mill for maintenance and operation and an additional tax of one-tenth of a mill for building purposes. The intent of the legislature by the 1935 amendment is so obvious as to require no extended discussion. The elimination of either or both semicolons, as suggested by appellant, would not affect the meaning. It plainly, under any theory, intended the pegged levy for the years 1935, 1936 and 1937, which increased the prior permitted total limit of separate levies, to include all purposes, and that for 1938, and thereafter, the system of separate levies provided for in the prior statute, should be resumed. The county court correctly sustained the objection to this item.

That part of the judgment sustaining the objections to the levy for bonds and interest is reversed, and the judgment in all other respects is affirmed. The cause is remanded to the county court, with directions to overrule the objections to the bond and interest tax and deduct the proper amount from the order to refund.

*Affirmed in part, reversed in part*
*and remanded, with directions.*