Beatrice Barnett, Administrator of Estate of George R. Barnett, Deceased, Plaintiff-Appellee, v. E. W. Werner, and George Creager, Defendants-Appellants.

Term No. 57–F–16.

Fourth District.

May 15, 1957.

Released for publication June 4, 1957.

Scerial Thompson, of Harrisburg, for defendants-appellants.

Wham & Wham, of Centralia, Dale Ferguson, of Rock Island, and Richard G. Ferguson, of Chicago, for plaintiff-appellee.

JUDGE BARDENS delivered the opinion of the court.

This appeal is concerned with the validity of a nunc pro tunc order entered by the trial judge in the Circuit Court of Saline county on November 5, 1956. For a complete understanding of the issues it is necessary to detail the chronological order of proceedings.

On July 17, 1953, in the Circuit Court of Saline county Jack E. Barnett, Administrator of the Estate of G. R. Barnett, deceased, filed a Narr, and cognovit against T. A. Steele and the defendants in this proceeding, E. W. Werner and Geo. Creager, resulting in a judgment against all three in the sum of $10,602.50.

On August 14, 1953, all of the said original defendants to the suit filed a motion to vacate the judgment and on August 28, 1953, said judgment was vacated. Thereafter, and before any more proceedings were had in the Circuit Court of Saline county, the defendants herein, Werner and Creager, filed a complaint in chancery in the Circuit Court of Jefferson county and therein an injunction order was issued against said Jack E. Barnett as administrator enjoining him from proceeding further against these defendants in the Saline County Circuit Court. A notice of appeal from the injunction order was dismissed by this court on October 26, 1954.

On November 26, 1954, these defendants filed an amendment to the motion to vacate judgment setting up the injunction decree entered by the Circuit Court of Jefferson county.

495

On June 13, 1955, the case was called to trial in the Circuit Court of Saline county and the minutes of the trial judge entered on that date were: "Cause dismissed as to defendants Werner and Creager on their motions." Thereafter the case was heard against T. A. Steele resulting in judgment against him only. The record shows that said T. A. Steele was subsequently declared a bankrupt.

Thereafter, Jack E. Barnett, as administrator, filed in this court a petition for leave to appeal from the injunction decree of the Circuit Court of Jefferson county. Such leave was granted and the decree of that court was reversed.

Thereafter and on June 15, 1956, plaintiff Beatrice Barnett, Administrator of the Estate of George R. Barnett, deceased, filed suit in the Circuit Court of Jefferson county against defendants Werner and Creager on the original promissory note upon which judgment had been taken in the Circuit Court of Saline county against T. A. Steele.

On June 16th defendants Werner and Creager asked the Circuit Court of Saline county for a nunc pro tunc judgment correcting the dismissal entry of June 13, 1955, which nunc pro tunc judgment was signed and ordered the June 13, 1955, entry corrected to show dismissal of defendants Werner and Creager to go hence without day. On July 10, 1956, Beatrice Barnett, Administrator of the Estate of G. R. Barnett, deceased, filed her motion to be substituted as party plaintiff and her petition to vacate and set aside the nunc pro tunc order of June 16, 1956, of the Saline County Circuit Court and to enter another nunc pro tunc judgment correcting the entry of June 13, 1955, to show that such cause of action against these defendants-appellants was dismissed without prejudice. Substitution was permitted. Thereafter sworn answer to the said petition of the plaintiff was filed. The parties submitted briefs and on November 5, 1956, the court entered a second

496

nunc pro tunc judgment order setting aside the previous nunc pro tunc order of June 16, 1956, and also finding that the June 13, 1955, entry was corrected to read that the said defendants were dismissed without prejudice to the filing of a new action against them by the plaintiff. It is from the order of November 5, 1956, that this appeal is taken.

■ At the outset plaintiffs have raised the question that the order of November 5, 1956, was not a final judgment and, therefore, this court has no jurisdiction. It appears, however, that these parties, upon full notice and hearing, have presented to the trial court the problem of deciding from the record whether the dismissal of these defendants from this law suit was with or without prejudice. The court not only decided this question and thus finally disposed of this branch of the case, but this decision and judgment terminates this law suit in the Circuit Court of Saline county as to these parties. Under the authority of People ex rel. Toman v. Crane, 372 Ill. 228, 23 N.E.2d 337; Brauer Machine & Supply Co. v. Parkhill Truck Co., 383 Ill. 569, 50 N.E.2d 836; Mills v. Ehler, 407 Ill. 602, 95 N.E.2d 848 and Roddy v. Armitage-Hamlin Corp., 401 Ill. 605, 83 N.E.2d 308, it is our opinion that the judgment of November 5, 1956, is a final, appealable order.

The defendants have raised the question that the court did not have authority to substitute Beatrice Barnett, as administrator, as a party plaintiff. We think this contention is answered by paragraph 54 of the Civil Practice Act, being Chapter 110, paragraph 54, of the Illinois Revised Statutes of 1955.

The remaining questions pertain to the authority of the court to enter a nunc pro tunc order after the term has expired and the sufficiency of a basis for said order.

■ It seems to be well established that courts are justified in entering nunc pro tunc orders to cause their

proceedings to speak the truth when from some memoranda of the judge such as minutes or docket entries or from anything in the record before the court certainty is assured without reliance upon the judge's memory alone, and these authorities hold that such nunc pro tunc order may be made even after the expiration of the term in which judgment was rendered so as to conform the judgment to that actually pronounced by the court; that this power is inherent in the court but must be based on a definite and certain record. In re Estate of Young, 414 Ill. 525, 112 N.E.2d 113. Moore v. Shook, 276 Ill. 47, 114 N. E. 592. Gore v. People, 162 Ill. 259, 44 N. E. 500. People ex rel. Monogas v. Holmes, 312 Ill. 284, 143 N. E. 835. In People ex rel. Monogas v. Holmes the Court states: "No reason suggests itself why such amendments may not be made at any time, as long as anything definite and certain remains as a basis for the amendment. Knefel v. People, 187 Ill. 212; Church v. English, 81 id 442; Howell v. Morlan, 78 id 162; Cairo and St. Louis Railroad Co. v. Holbrook, 72 id 419."

■ From the recital of facts herein it appears that the record conclusively shows that at the time these defendants were dismissed from the suit and the plaintiff proceeded to judgment against Steele these defendants had obtained an injunction order from the Circuit Court of Jefferson county enjoining plaintiff from taking any further proceedings in this case against them. These facts were set up by motion filed in the cause and by an exhibit filed in the trial against Steele. Therefore, when the defendants made oral motion on June 13, 1955, to be dismissed, the plaintiff was helpless to resist this motion without incurring the risk of violating the injunction then in force. The record also demonstrates that no other reason for the dismissal existed. Under these circumstances we hold that the

498

trial court was amply warranted in adjudging that the dismissal was without prejudice and entering a nunc pro tunc order to that effect.

Judgment affirmed.

SCHEINEMAN, P. J. and CULBERTSON, J., concur.