VIRGINIA JEAN DAUDERMAN, Plaintiff-Appellee, v. LLOYD J. DAUDERMAN, Defendant-Appellant.

(No. 69-159;

Fifth District—October 27, 1970.

Sprague, Sprague & LeChien, of Belleville, (John R. Sprague, of counsel,) for appellant.

Listerman, Bandy & Hamilton, of East St. Louis, (Charles E. Hamilton, of counsel,) for appellee.

Mr. PRESIDING JUSTICE MORAN delivered the opinion of the court:

Defendant appeals from a *nunc pro tunc* order of the Circuit Court of St. Clair County granting plaintiff's motion to amend a divorce decree entered by that court more than thirty days prior to the filing of the motion.

The trial court entered a judgment of divorce in favor of plaintiff on the grounds of adultery on May 6, 1969. The decree had been prepared by plaintiff's attorney pursuant to the court's instruction. Paragraph 5(b) provided:

"That the defendant is ordered to pay to plaintiff the sum of Four Hundred and no/100 ($400.00) Dollars as alimony, to enable her to live as nearly as possible in the manner and style to which defendant's earnings and station in life entitled her."

On June 9, 1969 plaintiff filed a motion to amend the decree by inserting the words, "per month" immediately after the word "dollars" in the above provision. On July 8, 1969 the trial court entered the following order:

"Upon consideration of the plaintiff's motion to Amend Decree, and the Court having examined the Decree of Divorce heretofore entered on May 6, 1969, and the Court's original notes made during the trial of this cause, and the Court's notations of instructions given to plaintiff's attorney concerning provisions to be incorporated in the decree, and the Court having heard the arguments of counsel and being fully advised in the premises,

IT IS HEREBY ORDERED that plaintiff's Motion to Amend Decree should be and it is hereby granted, and Paragraph 5, subparagraph (b)

is ordered amended instanter, by interlineation, to include the words "per month" immediately following the word "Dollars", so that the entire subparagraph (b) shall read as follows:

'(b) That the defendant is ordered to pay to plaintiff the sum of Four Hundred and no/100 ($400.00) Dollars per month as alimony, to enable her to live as nearly as possible in the manner and style to which defendant's earnings and station in life entitle her.'"

The trial court denied defendant's post trial motion on August 21, 1969 and the defendant appealed.

■■■ Defendant contends that the trial court was without jurisdiction to amend the decree since the motion to amend was filed more than thirty days after entry of the judgment. However, it has long been recognized that a court has the inherent power to enter an order *nunc pro tunc* at any time to correct a clerical error or a matter of form. (Ill. Rev. Stat. 1969, ch. 7, pars. 2 and 6 (Tenth); *In re Estate of Young*, 414 Ill. 525; *People v. Quick*, 92 Ill. 580.) The function of a *nunc pro tunc* order is merely to correct the record of the judgment and not to alter the judgment actually rendered. (*Chapman, Mazza & Aiello v. Ace Lumber & Const.*, 83 Ill.App.2d 320.) It has been stated: "The law is well settled that a court is powerless to amend its final judgment and thereby correct judicial errors after the term at which it was rendered. It may, however, thereafter, upon notice to parties in interest, by order entered *nunc pro tunc*, amend or correct such judgment when by reason of clerical misprision it does not speak the truth." *Knefel v. People*, 187 Ill. 212.

Defendant argues, however, that the amendment alters the substantive rights of the parties and is not a mere matter of form and that there must be some memorandum in the record other than the recollection of the trial judge on which to base the amendment, and that there is none in this case.

There can be no doubt that the omission of the words "per month" in the alimony provision of the divorce decree was a clerical error even though it affected the amount of money to be paid under the decree and was signed, as submitted, by the trial judge. (Ill. Rev. Stat. 1969, ch. 7, par. 6 (Tenth). The very language of paragraph 5(b) of the decree demonstrates that the words "per month" were inadvertently omitted. The qualifying language "to enable her to live as nearly as possible in the manner and style to which defendant's earnings and station in life entitle her," is inconsistent with a lump sum award, especially an award of $400.00 under the circumstances disclosed by the record in this case.

Defendant earned more than $1,000.00 per month and had no dependants other than plaintiff. He had been paying plaintiff $150.00 per month voluntarily and then pursuant to an order for separate maintenance was

paying $300.00 per month to plaintiff. The divorce was granted in part on defendant's course of adulterous conduct which resulted in fathering a child born out of wedlock. While plaintiff had been employed occasionally during the 20 years of the marriage between the parties, she was not working at the time of this trial because of illness. The trial court found in the divorce decree that plaintiff is in dire need of financial support from the defendant; that she has only limited means to support herself and that defendant is an able-bodied man, earning a salary in excess of $1,000.00 per month. Memoranda of counsel for both parties regarding disposition of the marital property suggested periodic payments of alimony.

■■ Clerical errors or matters of form are those errors, mistakes or omissions which are not the result of the judicial function. Mistakes of the court are not necessarily judicial errors. The distinction between a clerical error and a judicial one does not depend so much upon the source of the error as upon whether it was the deliberate result of judicial reasoning and determination. (*Ives v. Hulce,* 17 Ill.App. 30; *Smith v. Smith,* 251 P.2d 720.) This omission was clearly clerical in nature and was within the power of the court to correct beyond the 30-day period.

Defendant further argues that there is no note or memorandum in the record on which the amendment was made and that such a memorandum is required under the law in Illinois. (*Fox v. Dept. of Revenue,* 34 Ill.2d 358; *People ex rel. Sweitzer v. City of Chicago,* 363 Ill. 409.) It has also been held that a judgment may be amended *nunc pro tunc* on the basis of a definite and certain record. See *Barnett v. Werner,* 13 Ill.App.2d 494 and cases cited therein.

■■ Aside from the recitation in the trial court's order of July 8 that the motion for amendment was granted upon "consideration of the plaintiff's motion to amend decree and the court having examined the decree of divorce heretofore entered on May 6, 1969, and the court's original notes made during the trial of this cause and the court's notations of instructions given to plaintiff's attorney concerning provision to be incorporated in the decree and the court having heard the arguments of counsel and being fully advised in the premises" which is presumed to be correct in the absence of a showing to the contrary (*Green v. Illinois and Wisconsin Lumber Co.,* 86 Ill.App. 574; *Gebbie v. Mooney,* 22 Ill.App. 369,) the record, when read in its entirety, is clear and convincing that the judgment as amended by the order of July 8, and not the decree entered on May 6, 1969 was the actual judgment of the trial court. In view of the facts and circumstances as disclosed by the record and referred to above, we believe that the requirement of a memorandum or a definite and certain record, which was obviously intended to preserve the integrity

of judgments, has been satisfied since no other construction or interpretation of the alimony provision is possible under these circumstances. *Barnett v. Werner, supra; Ives v. Hulce, supra.* Accordingly, the order of the Circuit Court of St. Clair County is affirmed.

Judgment affirmed.

EBERSPACHER and VERTICCHIO, JJ., concur.