THE DEPARTMENT OF REVENUE, Plaintiff-Appellee, *v.* BERNARD SOBIERALSKI, JR., d/b/a Johnny's Tavern, Defendant-Appellant.

Fifth District    No. 80-57

Opinion filed January 23, 1981.

James E. Ligman, of Kaucher, Collins & Ligman, of Belleville, for appellant.

William J. Scott, Attorney General, of Chicago (Imelda Terrazino, Assistant Attorney General, of counsel), for appellee.

Mr. PRESIDING JUSTICE KASSERMAN delivered the opinion of the court:

Judgment was entered in the circuit court of St. Clair County in favor of the Department of Revenue of the State of Illinois (hereinafter referred to as the Department) in an action against defendant to recover past due tax payments. A judgment was entered on October 24, 1979, directing defendant to pay to the Department $760.26, plus costs of the suit. On December 10, 1979, the Department filed a "Motion to Correct Judgment As to Amount" in order to increase the amount of judgment. The motion was granted, and the trial court, on December 27, 1979, entered a *nunc pro tunc* order changing the amount of judgment from $760.26 to $1,687.58. It should be noted that the Department did not seek redress from the original judgment within 30 days (Ill. Rev. Stat. 1979, ch. 110, par. 68.3), nor did it request relief pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72).

The defendant appeals from the order amending the judgment and contends that the trial court was without jurisdiction to disturb the original judgment. We agree.

The Department asserts that while a trial court may not amend a final judgment to correct judicial errors, it may do so to correct clerical errors, citing *Brody v. Hess* (1979), 75 Ill. App. 3d 402, 394 N.E.2d 570, and *Dauderman v. Dauderman* (1970), 130 Ill. App. 2d 807, 263 N.E.2d 708.

This court in *Dauderman* differentiated between judicial and clerical errors in this manner:

"Clerical errors or matters of form are those errors, mistakes or omissions which are not the result of the judicial function. Mistakes of the court are not necessarily judicial errors. The distinction between a clerical error and a judicial one does not depend so much upon the source of the error as upon whether it was the

deliberate result of judicial reasoning and determination. [Citations.]" (130 Ill. App. 2d 807, 810, 263 N.E.2d 708, 710-11.)

It is the Department's position that the *nunc pro tunc* order was valid in that it was effected for the sole purpose of rectifying a clerical error in the original judgment regarding the amount of taxes, interest, and penalties owed.

We have examined the record and find no error, judicial or clerical, in the original judgment. The relief granted in the October 24, 1979, judgment order was precisely the relief requested by the Department at the hearing on the complaint. Various tax returns were introduced into evidence at the hearing and were designated as plaintiff's exhibits A, B, C, D, E, F, G, and H respectively. At the close of the Department's evidence the taxpayer moved for a summary judgment, although it appears that a motion for a directed verdict was intended, and the following colloquy occurred:

"MR. BAKER [Counsel for the Department]: We concede 'A', 'B', and 'C' are too late.

THE COURT: 'A', 'B' and 'C' are too late?

MR. BAKER: Yes, sir.

THE COURT: Anything else? So are we concerned about 'D'—'F', 'G', —we are concerned about 'D', 'E', 'F'—

MR. BAKER: 'D' is a summary of 'A', 'B', and 'C'.

THE COURT: We are concerned about 'E', 'F', 'G', and 'H'?

MR. BAKER: Forget 'F'. Just 'E', 'G'—just 'E' and 'G'. 'H' is a summary of 'G'."

It is apparent from this exchange that counsel intended for the trial court to consider only exhibits E and G when determining the amount of taxes, interest and penalties owed by the taxpayer. The sum of exhibits E and G equals $760.26, or the amount of the original judgment. Since the Department received its requested relief as manifested by the amount of the original judgment, there was no judicial or clerical error to correct by the *nunc pro tunc* order. Therefore, the trial court was without jurisdiction to amend the final judgment of $760.26.

For the foregoing reasons, we reverse the trial court's order of December 27, 1979, increasing the amount of judgment from $760.26 to $1,687.58.

Reversed.

JONES and HARRISON, JJ., concur.