KAREN O'DELL, Adm'r of the Estate of Brian Scott Williams, Deceased, Plaintiff-Appellant, *v.* RANDY J. DOWD, Defendant-Appellee.

Fourth District    No. 17186

Opinion filed December 1, 1981.

Burger, Fombelle, Wheeler & Dvorak, P. C., of Decatur, for appellant.

Erickson & Davis, Ltd., of Decatur (Garry E. Davis and Theodore E. Paine, of counsel), for appellee.

JUSTICE MILLS delivered the opinion of the court:

Can a *nunc pro tunc* order changing a final judgment be entered where there is no supporting data in the court record or file in the case?

No.

Nov. 13, 1978—Following an automobile accident, defendant-driver was issued two traffic citations.

Feb. 5, 1979—Defendant pleads guilty to driving too fast for conditions in cause No. 78-TR-5912.

Apr. 21, 1981—the Feb. 5, 1979, order in No. 78-TR-5912 corrected *nunc pro tunc* to show charge of driving too fast for conditions dismissed.

Apr. 22, 1981—Plaintiff precluded from using defendant's Feb. 5, 1979, conviction at a jury trial.

Apr. 23, 1981—Jury verdict for defendant.

We reverse and remand for a new trial.

## NUNC PRO TUNC ORDER

Plaintiff, Karen O'Dell, as administrator of the estate of her deceased son, Brian Scott Williams, filed a wrongful death suit charging defendant Randy Dowd with negligence. Plaintiff's son, Brian, was killed while riding as a passenger in a truck driven by Dowd. Prior to trial, the court granted a motion *in limine* precluding plaintiff from introducing a certified copy of a conviction showing that on February 5, 1979, defendant pleaded guilty in cause No. 78-TR-5912 to driving too fast for conditions in connection with the incident in question.

On the day before trial in this cause, defendant obtained a *nunc pro tunc* order in the original traffic case, No. 78-TR-5912, purporting to correct a clerical error. According to the order entered *nunc pro tunc*, defendant pleaded guilty to driving while license suspended, but the charge of driving too fast for conditions was dismissed.

Plaintiff contends the trial court erred in precluding her use of a certified copy of the conviction showing that defendant pleaded guilty to driving too fast for conditions. She claims the trial court's ruling was based upon a void order of the traffic court, which was entered without jurisdiction and is subject to collateral attack. It is undisputed that the court file in No. 78-TR-5912 had earlier been destroyed and did not exist when the *nunc pro tunc* order was entered. The basis for the *nunc pro tunc* order was the affidavits of defendant, defendant's father, and the two attorneys who represented defendant in the No. 78-TR-5912 cause.

We are referred by plaintiff to *People ex rel. Sweitzer v. City of Chicago* (1936), 363 Ill. 409, 2 N.E.2d 330, where the court ruled a trial court was without jurisdiction to vacate a judgment after the passing of the term. That opinion states that a judgment may be amended after the term only as to matters of form and after notice to the opposite party. Such an amendment must be supported by some note, memorandum, or memorial paper remaining *in the files or upon the record* of the court and cannot rest upon the recollection of the judge or other persons and cannot be based upon ex parte affidavits or testimony. *People ex rel. Sweitzer* was followed in *Fox v. Department of Revenue* (1966), 34 Ill. 2d 358, 215 N.E.2d 271, where an amended order—entered four months after the original order and not made from a memorandum—was held void. As the No. 78-TR-5912 *nunc pro tunc* order in question was entered over two years after the original order and is not supported by any memorandum in the court file, plaintiff requests this court hold the *nunc pro tunc* order void.

A *nunc pro tunc* order ("now for then") is an entry in the present for something done in the past, made to make the record speak for what was actually done. (*In re Estate of Bird* (1951), 410 Ill. 390, 102 N.E.2d 329.) A court has inherent power to make an entry *nunc pro tunc* to correct its clerk's records so that they correctly reflect the actual judgment of the court, when the judge has a definite and certain record as a basis for the amendment. (*In re Estate of Young* (1953), 414 Ill. 525, 112 N.E.2d 113.) The basis for an amendment may be founded upon anything in the record before the court from which certainty is assured (*Kooyenga v. Hertz Equipment Rentals, Inc.* (1979), 79 Ill. App. 3d 1051, 399 N.E.2d 216) but cannot be based upon the recollection of the trial judge or other persons. *People ex rel. Sweitzer v. City of Chicago* (1936), 363 Ill. 409, 2 N.E.2d 330.

The order in question was entered over two years after the original order and is based only upon the recollection of defendant and other persons. Under such circumstances, the court in 78-TR-5912 had no power to enter the *nunc pro tunc* order, thereby rendering its entry void.

Defendant relies on *Dauderman v. Dauderman* (1970), 130 Ill. App.

2d 807, 263 N.E.2d 708, but that case is clearly distinguishable. In a divorce decree, defendant was ordered to pay $400 as alimony to enable plaintiff to live as nearly as possible in the manner in which defendant's earnings and station in life entitled her. Two months later, the court amended the decree *nunc pro tunc* to read $400 *per month* as alimony. The appellate court found the omission clerical in nature and within the court's inherent power to correct beyond the 30-day period. The requirement of a memorandum to assure certainty in the amendment was found to be satisfied since no other construction of the alimony provision was possible under the circumstances.

In this case, however, the original No. 78-TR-5912 order reveals no hint of irregularity. There is simply nothing to assure the correctness of the *nunc pro tunc* amendment and there is no basis for its entry. Even assuming the *nunc pro tunc* order is merely a clerical correction as defendant asserts, the court in No. 78-TR-5912 had no power to enter it.

■■ An order entered by a court which lacks jurisdiction of the parties or the subject matter, or which lacks inherent power to enter the particular order, is void, and may be attacked at any time or in any court, either directly or collaterally, and by any person affected by that order. *City of Chicago v. Fair Employment Practices Com.* (1976), 65 Ill. 2d 108, 357 N.E.2d 1154; *Scheller v. Trustees of Schools* (1978), 67 Ill. App. 3d 857, 384 N.E.2d 971.

The plaintiff in the appeal before us was precluded from utilizing the original order to establish a *prima facie* case of negligence against defendant, was directly affected by the void order in No. 78-TR-5912, and therefore has standing to attack it. The lower court's ruling on defendant's motion *in limine* was based upon a void order of the traffic court. Since plaintiff was prejudiced by the exclusion of this evidence, the verdict in defendant's favor must be reversed and the cause remanded for a new trial.

■■ Proof of conviction is admissible in a civil case as *prima facie* evidence but may also be explained and contradicted by defendant. (See *Thornton v. Paul* (1978), 74 Ill. 2d 132, 384 N.E.2d 335; *Barnes v. Croston* (1969), 108 Ill. App. 2d 182, 247 N.E.2d 1.) Upon retrial, plaintiff shall be entitled to present the defendant's conviction of driving too fast for conditions for the jury's consideration, and defendant shall be entitled to inform the jury of his position that the record of conviction is erroneous. The jury, as trier of fact, will then determine whether all the evidence presented proves defendant negligent.

## JUDGMENT N.O.V.

Evidence presented at trial shows that at approximately 7:30 a.m., on

November 13, 1978, defendant Randy Dowd was driving south on Henderson Road in Macon County. The rear end of his truck skidded, crossed the road, traveled into and across a ditch, then into a wooden fence. After hitting the fence, the truck turned and came to rest on its side. A board, which entered the truck cab through the windshield, struck and killed Brian Williams, a passenger in defendant's truck. Defendant was traveling 40 to 45 miles per hour, and the applicable speed limit was 55 miles per hour. Henderson Road is comprised of oil and rock, and there may have been gravel at the point where defendant's truck began to skid. The pavement was wet. The incident was observed by Robert and Susan Hood, who were in their car traveling approximately 40 feet behind the defendant.

When the truck was towed to his residence later that morning, defendant's father discovered a break in the center of the truck's left rear tire. This tire was examined by defendant's expert, Allan Siegel, who testified the tire had about 50% wear. In his opinion, the tire was punctured by a very sharp object, but the cut was not made by a nail or a board. The tire did not blow out, and there was no indication the tire had traveled in a deflated condition.

Plaintiff claims error in the trial court's refusal to grant her judgment notwithstanding the verdict on the issue of defendant's liability. Relying upon the rule set forth in *Calvetti v. Seipp* (1967), 37 Ill. 2d 596, 227 N.E.2d 758, plaintiff argues that defendant's failure to explain that this accident was not the result of his negligence renders him negligent as a matter of law. In *Calvetti*, the defendant's car skidded into the wrong lane and into the car in which plaintiff was riding. Defendant offered no explanation for cause of the skid, other than the presence of ice on the pavement. The court ruled the fact that defendant's car skidded in front of plaintiff's car must be deemed to have arisen from some negligent act or omission, in the absence of evidence to the contrary. And, it was not incumbent upon plaintiff to show what caused defendant's car to skid or to prove other facts normally within the peculiar knowledge of defendant. Finding no reasonable basis for the jury verdict finding defendant free of negligence, the court reversed and remanded for a new trial on damages.

■■ We agree the evidence that defendant lost control of his truck and left the roadway raises an inference that this accident resulted from defendant's negligence and requires defendant to make a showing that something other than his negligence may have caused the accident. We disagree, however, that the explanation presented by defendant is insufficient as a matter of law. Although the fact that the defendant's rear tire had been punctured at some time does not definitely establish the cause

of this accident, it is certainly sufficient to create a jury question as to whether defendant was negligent. See *Polkey v. Phillips* (1980), 86 Ill. App. 3d 677, 408 N.E.2d 348.

We cannot say that all the evidence viewed in its aspect most favorable to defendant so overwhelmingly favors plaintiff that the verdict in favor of defendant cannot stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.) The trial court's denial of plaintiff's motion for judgment *n.o.v.* on the issue of liability was proper.

### EXPERT TESTIMONY

■■ Plaintiff also challenges the admission of Allan Siegel's testimony, claiming he is not sufficiently qualified to testify as an expert in this cause. Siegel is the director of Industrial Testing Laboratories in St. Louis, Missouri, which is a commercial organization involved in material testing and evaluation. Siegel is a registered engineer, belongs to numerous professional organizations, and has evaluated between 200 and 300 tires to determine a cause of failure. Clearly, the trial court did not abuse its discretion in finding Siegel sufficiently qualified to testify as an expert in this trial. *Nowakowski v. Hoppe Tire Co.* (1976), 39 Ill. App. 3d 155, 349 N.E.2d 578.

It is further claimed by plaintiff that Siegel's testimony was speculative since there is no evidence of an object on the roadway that could have caused the puncture in the rear left tire and caused the defendant's loss of control of the truck. As we have already found, however, this evidence is sufficient to allow the jury to draw the inference that something other than defendant's negligence caused the accident in question and was properly admitted.

The judgment in favor of defendant is reversed and remanded for a new trial in accordance with the views expressed herein.

Reversed and remanded.

GREEN, P. J., and LONDRIGAN, J., concur.